## SAMUEL GARNSEY *versus* JAMES ALLEN.

If the indorser of a note has paid to the indorsee a part thereof, he may recover the amount so paid of the maker, in an action for money paid, although a part of the money still remains unpaid.

It is wholly immaterial whether such payment be made in money or other property, if it be received as a payment of so much.

And evidence offered by the maker, that the property received by the indorsee of the indorser was in fact of less value than the amount for which it was received, is inadmissible.

The receipt of the indorsee to the indorser, is admissible evidence to show payment.

THIS is an action of assumpsit for money paid on a judgment against the plaintiff, in favor of R. C. Johnson, founded on a note signed by the defendant, dated Sept. 8, 1835, payable to William Bailey or order, and by him indorsed, in two years from date, with annual interest, and indorsed by the plaintiff; writ is dated Sept. 3, 1843. The trial was before TENNEY J.

The plaintiff, to maintain his action, introduced a copy of said note and of the original suit and judgment recovered thereon, at the September term of the district court, county of Waldo, A. D. 1841, and introduced the original execution, dated Oct. 13, 1841, issued on said judgment, for $646,71, damages, and $10,90, costs, on which appeared the following indorsements, viz. " Nov. 29, 1842, received by bill of Johnson, $11,39. Nov. 29, 1842, received by the Reynolds buildings, $100. Dec. 6, 1842, received of John Huckins, $52,30, and an assignment of said judgment and execution to John Huckins by said Johnson and a receipt from said Huckins to the plaintiff for the $52,30. All these papers and memoranda are objected to, without other proof of the matters stated; but the Court permitted them to be read to the jury without any other proof or evidence, but signatures thereon were not denied.

R. C. Johnson testified, that he was the holder of Allen's note in April, 1841, and after that time Garnsey settled with him and $11,59 was indorsed as balance of a bill of Johnson, and that Garnsey released a certain claim on the Reynolds

buildings, which he called worth $100, and that Huckins paid him $52,30 for the assignment of the execution.

The papers may be referred to as part of the case.

The defendant then proposed to show, that the original note given by him to Bailey was void for want of consideration, or that the consideration had entirely failed ; that for the purpose of compromising the claim of Johnson as the holder of said note and another claim, he, on the 29th of April, A. D. 1841, assigned to said Johnson certain notes, or an interest in certain notes, secured by mortgage on real estate in Bangor, in value equal to the full amount of all claims said Johnson had upon him, which was accepted and received by said Johnson on that day, in full discharge of all claim upon the said Allen, as the maker of said note, and the said Allen was thereby fully and forever discharged.

He further proposed to show that the interest of said Garnsey in the Reynolds buildings was of no value, though the sum of $100 was agreed to be paid therefor and indorsed on said execution as received therefor.

But the Court, for the purposes of this trial, ruled all said testimony as inadmissible, it being admitted there was no fraud or collusion between plaintiff and Johnson, or any other.

That the payment of Allen, having been prior to the rendition of judgment, in the suit against Garnsey, and nothing offered tending to show that Garnsey was notified of the facts relied upon by the defendant.

The defendant thereupon submitted to a default, subject to the opinion of the whole Court. If the foregoing testimony is sufficient upon legal principles to maintain the action, and the testimony offered for the defence is inadmissible, then the default is to stand.

But if the plaintiff's testimony is inadmissible, or the testimony offered should have been received, then the default is to be taken off and the case stand for trial.

*J. A. Poor*, for the defendant. The grounds of defence, insisted upon by the counsel, are stated in the opinion of the Court.

In support of the position, that when a note or debt is once paid, no title to it can pass to another by indorsement or assignment, he cited, 6 Mass. R. 85 ; 24 Pick. 270.

*Cutting,* for the plaintiff, said that the note was once the property of the plaintiff, and no defence could then have been made against it. If it had again become his property entirely, no matter whether he paid any thing for it or not, he could have recovered it of the defendant. He has not however paid but a part of the note, but he is entitled to recover of the defendant so much as he has paid, without paying the whole. 20 Johns. R. 367 ; 10 Wend. 502. And it matters not in what way the payment was made, whether in money or land, or buildings or an interest in a building. It is enough, if it was such as the creditor was willing to receive as so much towards his debt.

The holder of the note recovered judgment against the plaintiff as indorser of the note. He knew of no defence to the suit against him, as indorser and could make none. If the defendant had paid the note, he should have given notice of it to the other parties to the paper, that they might avail themselves of the payment. If the defendant really paid any thing on the note to the then holder, without having the same indorsed thereon, he cannot set it off against the claim of the present plaintiff, as he had no notice of such payment.

The opinion of the Court was drawn up by

WHITMAN C. J. — The plaintiff, the second indorsee of a note, made by the defendant, negotiated it to R. C. Johnson, before it became due, who recovered judgment thereon against the plaintiff. It may be presumed, as no question appears to have been made about it at the trial, that the plaintiff had been duly notified of a demand made in due season, upon the maker, without obtaining payment of him ; and so that judgment was properly obtained against the plaintiff for the amount due thereon. And evidence was introduced, and, though objected to, was admitted, that the plaintiff had paid

Johnson, in part satisfaction of the execution, issued on said judgment, the sums of $11,39 in cash, and $100,00 in a right to a building transferred to Johnson, and that the execution and judgment were thereupon assigned to one Huckins, who received of the plaintiff the further sum of $52,30 thereon, and thereupon the plaintiff insists that he has a right to recover those sums of the defendant as money paid to his use.

The defendant's ground of objection is, first, that the receipts entered on the execution, though the genuineness of the signatures is not questioned, were not evidence of payment, contending that there should have been other proof of those payments. But those receipts of Johnson and Huckins were good against them, so that they could not claim the amount of the payments, evidenced by them of the defendant; and while they would be good evidence for him, it would seem that they ought to be sufficient evidence, that the plaintiff had discharged so much of a debt, for which he was but collaterally liable for the defendant.

It is next objected, that there should have been other evidence of the assignment to Huckins. It is not objected that the assignment is not in apt words for the purpose, nor that the signature of Johnson thereto is not genuine. It does not seem that further evidence of its execution could be required.

It is next insisted, that the plaintiff should be held to prove, as this is an action for money paid to the defendant's use, that the right to the building, transferred to Johnson, for which he had agreed to allow $100 on his execution, was worth that sum. With regard to this, it should be borne in mind that this was the defendant's own debt; that it was due, originally, by note of hand to the plaintiff; that the plaintiff, if he had obtained the note, might have recovered the whole amount of it of the defendant, without his having a right to object, that the plaintiff had obtained it, if fairly done, for ever so trivial a consideration. It is sufficient for him, that, if the plaintiff recovers this sum of him he will be discharged of so much of

a debt, against which he could not have defended himself, if the note were in the hands of the plaintiff, and had been put in suit against the 'defendant. And the same reasoning will suffice to show, that the offer, by the defendant, to show, that the right to the building was of little or no value, was properly rejected. The defendant had only to pay his own debt. It mattered not to whom, so that, upon doing it, he obtains a proper discharge from it; and according to the case of *Butler* v. *Wright,* 20 Johns. 367, it matters not that the claim upon him is for a part instead of the whole debt.

Finally, it appears to have been insisted, that the whole debt had been paid to Johnson, before the institution of the suit against the plaintiff; but it was admitted that the plaintiff was not informed, that any such payments had been made; or of any pretence of it till judgment therefor had been obtained against the plaintiff; and therefore the proof of any thing of the kind was ruled to be inadmissible, and we think with propriety. *Exceptions overruled.*