| 3 | 583 |
| 78 | 156 |

## HAHN v. CUMMINGS.

Where in an action for damages, for selling the plaintiff one tract of land, and fraudulently conveying to him another and different tract, the cause was tried by the court, without a jury, and the court found for the plaintiff, the difference in value between the land shown to the plaintiff, and that conveyed to him by the defendant, to wit: four hundred dollars, and thereupon judgment was rendered for the plaintiff, for the sum of four hundred dollars, and costs, with stay of execution, until the plaintiff reconveyed to the defendant, the land conveyed by him to the plaintiff; and where the plaintiff filed a motion to vacate the order for the stay of execution, and the reconveyance of the land to the defendant, which motion was overruled; *Held*,

1. That the court erred in overruling the motion to set aside the order;
2. That the measure of the plaintiff's damages, was the difference in value between the two pieces of land.

*Appeal from the Buchanan District Court.*

THE plaintiff claims of defendant the sum of four hundred dollars, on the following cause of action: that plaintiff had at the request of defendant, entered into a negotiation with him for the purchase of a tract of land, described as the east fractional half of northeast quarter, and northwest quarter of southeast quarter of section three, ninety north, eleven west, in Black Hawk county. That defendant, for the purpose of effecting a sale of the land, took plaintiff upon and showed him the west half southwest quarter of section two, and southeast quarter of southeast quarter of section three, ninety north, eleven west, and falsely and fraudulently represented to plaintiff, that the land which defendant showed him, was the first-named tract which defendant wished to sell; and that plaintiff confiding in the representations of defendant, agreed to purchase of him the tract of land first above described, supposing it to be the land which defendant had showed to him, and paid to defendant therefor, a wagon, two horses and harness, valued at $400, and defendant procured the said land first described, to be conveyed to plaintiff. The petition further states, that the land shown to plaintiff by defendant, was well worth the sum of $400, but the tract of land conveyed to plaintiff, was entirely worthless and of no value whatever. Wherefore, he claims damages. The answer of defendant is a specific denial of the allegations of the petition; issue being joined, there was a trial by jury, and verdict for the plaintiff for the amount claimed in his petition. This verdict, on motion of defendant, was set aside by the court, and a new trial ordered. The reasons for setting aside the verdict do not appear in the record. At a subsequent term of the court, the record shows, that " the cause coming on for trial, the issues of law and fact are submitted to the court by agreement of parties, with leave to either party to except. And the court having heard the evidence, finds for the plaintiff, the difference in value between the land shown by defendant to plaintiff, and that conveyed to plaintiff, to be four hundred dol-

lars. It is, therefore, adjudged that judgment be entered for the plaintiff for said sum of $400, with costs of suit, with stay of execution, until the plaintiff reconveys to the defendant the land conveyed by defendant to plaintiff." The plaintiff filed his motion to vacate the order for stay of execution, and for the reconveyance of the land to defendant, which motion was overruled, and from which decision the plaintiff appeals.

*Smith, McKinlay & Poor*, for the appellant.

*W. T. Barker,* for the appellee.

STOCKTON, J.—It is assigned for error by the appellant, that the court affixed as a condition to the judgment of $400, in favor of plaintiff, that execution therein be stayed, until plaintiff should reconvey to defendant the land he had conveyed to plaintiff, and that the court refused to set aside so much of the judgment and order as relates to the stay of execution and reconveyance. What the testimony before the court was, we do not know. But we have sufficient in the record to convince us, that the District Court erred in refusing to grant the motion of plaintiff to correct the judgment as entered. The court finds that plaintiff is entitled to recover of defendant, the difference in value between the two tracts of land. And this difference it further ascertained to be four hundred dollars. For this amount plaintiff is entitled to judgment, without stay of execution, and without any condition for re-conveyance of the tract of land conveyed to him.

This was not an action to recover back the purchase money. It was to recover damages for the fraud alleged to have been practiced on the plaintiff. Taking it that the plaintiff made out his case to the satisfaction of the court, which found the verdict in his favor, he was entitled to recover as damages the difference in value between the land the defendant induced him to believe he was buying, and the land that was conveyed to him. The measure of his damages was the difference between the two, found by the

court to be four hundred dollars, and for this he is entitled to judgment. The judgment of the District Court denying the motion of plaintiff to vacate the order for stay of execution, and for the reconveyance of the land to defendant, is reversed, and the cause is remanded, with instructions to the District Court to enter judgment for the plaintiff on the finding of the court in his favor, for the sum of four hundred dollars.

Judgment reversed.