## Likes v. Baer.

Where a vendor becomes liable to a vendee, for the defective quality of goods sold, whether his liability arises through fraud or breach of contract, the measure of damages is the difference in value between goods corresponding with the representations made, and those actually delivered; and the same rule applies where there has been fraudulent misrepresentations in the sale of real estate.

Where in an action to recover damages for the false and fraudulent representations of the defendant, as to the quality and description of certain lands, sold and conveyed by the defendant to the plaintiff, the petition alleged that the plaintiff, being the owner of certain lands in C. county, the defendant proposed to purchase the same, and to give in exchange therefor, certain lands in R. county, representing said lands to be of a certain quality as to timber, &c., and that plaintiff, relying upon said representations, sold, &c.—all of which allegations were denied by the answer; and where on the trial, the defendant called a witness, and proposed to prove the value of the land conveyed to him by the plaintiff, and the improvements upon it, which was objected to, and the objection sustained by the court; *Held*, That the evidence was immaterial, and properly excluded from the jury. (WRIGHT, C. J., *dissenting*.)

In an action to recover damages for fraudulent representations in the sale of real estate, it is not error to charge the jury that the measure of damages, is the difference between the value of the land purchased of the defendant, as it was at the time of the purchase, and the sum that the land would have been worth at that time, if it had been such as it was represented to be by the defendant.

Where in an action for damages for fraudulent representations in the sale of real estate, the defendant asked the court to instruct the jury as follows: "That if the only testimony before them, in relation to the quality of

the land, is such representations as may be detailed to you by witnesses, uncorroborated by anything in writing, or any facts surrounding the transaction, such evidence should be looked to carefully by the jury," which instruction was given, with the following qualification: "But the declarations and representations of the defendant, in regard to the quality or condition of the land, during the trade, are important evidence, and should be considered by the jury ;" *Held*, That both the instruction and the qualification were properly given to the jury.

Where in an action for damages for fraudulent representations in the sale of real estate, the defendant asked the court to instruct the jury as follows : "Hearsay evidence, or what may be said by parties, which may be given in evidence by witnesses, is, or may be, according to the circumstances, the weakest kind of testimony," which instruction the court refused to give ; *Held*, That the effect of the instruction, if given as asked, would have been to attach the character of *hearsay* to the evidence given by the witnesses, as to what was said by the parties, at the time the agreement was made, as to the quality and character of the defendant's land, and that it was properly refused.

*Appeal from the Mahaska District Court.*

FRIDAY, APRIL 22.

THIS was an action to recover damages for the loss sustained by plaintiff, by reason of the alleged false and fraudulent representations of defendant, as to the quality and description of certain lands, sold and conveyed by defendant to plaintiff.

The plaintiff avers, that being the owner of certain lands lying in Clark county, Iowa, defendant proposed to purchase the same, and to give in exchange therefor, certain lands in Ringgold county, representing the lands in Ringgold county to be of a certain quality as to timber, &c.; and that plaintiff, relying on said representations of defendant, "traded with him, and sold him the said land in Clark county, and took in payment the land of the defendant in Ringgold county ;" and that plaintiff afterwards ascertained that the said representations of defendant were false and untrue, and were made by him with intent to defraud the plaintiff; and that he has been thereby damaged to the amount of $2,000.

The defendant in his answer denies, specifically, the alle-
gations of the petition, setting forth the plaintiff's cause of
action, as well as the damages sustained, and denies that
the lands of the plaintiff in Clark county was worth the
sum of three thousand dollars, as alleged by plaintiff.

On the trial, exception was taken to the exclusion of cer-
tain testimony offered by defendant, and to certain instruc-
tions given and refused.   There was a verdict for the plain-
tiff for $1,400 00, and judgment.   The other facts appear
in the opinion of the court.

*W. II. & J. A. Seevers*, for the appellant.

*S. A. Rice* and *Wm. Loughridge*, for the appellee.

STOCKTON, J.*—Where a vendor becomes liable to a ven-
dee, for the defective quality of goods sold, whether his
liability arises through fraud, or breach of contract, the
true measure of damages is the difference in value between
goods corresponding with the representations made, and
those actually delivered.   *Casey* v. *Gruman*, 4 Hill, 626;
*Barkins* v. *Bevan*, 3 Rawle, 44; *Cothers* v. *Keever*, 4 Barr.,
168.   The consideration, or purchase money, although
strong, is not conclusive evidence of such value.   The same
rule has been applied by this court, in case of the sale of
real estate.   *Hahn* v. *Cummings*, 3 Iowa, 583.

The plaintiff complains, in this case, that the quality of
the land conveyed to him by the defendant, was falsely and
fraudulently misrepresented to him, by the defendant, and
that he was, by such misrepresentations, induced to make
the exchange of lands.   The damages are claimed for this
misrepresentation, whereby it is alleged that the plaintiff
has sustained a loss equal to the difference between the ac-
tual value of the land, and what it would have been worth,
had it answered the description given of it by the defend-

---

*WRIGHT, C. J., dissenting upon one point.

ant. Such, we think, is the true measure of the plaintiff's damages; and in this view of the subject, he was at liberty to object to any evidence of the value of land conveyed by him to the defendant, as immaterial. The court, therefore, did not err in ruling out the question to the witness, Sprague, as to what the land was worth, and what improvements were on it; nor in refusing to give the instructions asked by defendant, as to the true measure of plaintiff's damages.

It is further to be observed, that the parties exchanged lands without anything being said by them as to the value of their respective tracts; and although the plaintiff alleges that the land conveyed by him, to defendant, was of the value of three thousand dollars, yet this is not a substantial averment of the petition, which shows by the whole tenor, that the plaintiff sought to have his damages measured, not by the difference in value between the two tracts of land, but by the difference between the actual value of the land conveyed to him, and the value of such land, as the defendant represented it to be. The defendant did not represent that his land was worth as much as plaintiff's; but that it was of a certain quality and character. Confiding in these representations, the plaintiff made the exchange, and if they turned out to have been falsely and fraudulently made, the defendant must answer in damages, in such sum as will make the plaintiff whole for all injury sustained by him, from such false representations.

The defendant urges that the court erred in charging the jury, that "the measure of damages was the difference between the value of the land purchased by defendant, as it was at the time of the trade, and the amount that the land would have been worth at that time, had it been such as it was represented to be by defendant.

If there was an error in this instruction, it was an error in favor of the defendant, of which he cannot complain. But we are of opinion that there is a clerical error here, and that the instruction read, "the land purchased *of* defend-

ant," and not " purchased *by* defendant."  The whole tenor
of the instructions given and refused, shows that this was
the meaning of the court, if not its language; and even if
the instruction is correctly copied into the transcript, we
think the jury were not misled by it, to the prejudice of the
defendant.

The court was asked by the defendant to instruct the jury,
that " if the only testimony before them in relation to. the
quality of the land, is such representations as may be detail-
ed to you by witnesses, uncorroborated by anything in wri-
ting, or any facts surrounding the transaction, such evidence
should be looked to carefully by the jury."  This instruc-
tion the court gave, with the qualification, that " the decla-
rations and representations of the defendant, in  regard  to
the quality or condition of the land, during the trade, are
important evidence, and should be considered by the jury."
The instruction, as asked, refers to the testimony of witnes-
ses, as to the quality of the land.  It was proper enough
that the court should  direct the  jury, that this evidence
should be carefully considered by them, as they should care-
fully consider all testimony given to them.  But we think
there was no impropriety in the court further directing
them, that the declarations and representations made by de-
fendant, upon the same subject, should be considered by
by them.

The defendant further asked the court to charge the jury,
that " hearsay evidence, or what may be said by parties,
which may be given in evidence by  witnesses, is, or may
be, according to the circumstances, the weakest kind of tes-
timony."  This instruction the court refused to give, and
such refusal is assigned for error.  Hearsay evidence, in its
legal sense, denotes that kind of evidence which does not
derive its value solely from the credit to be given to the wit-
ness himself, but rests, also, in part, on the veracity and
competency of some other person.  Phillips on  Evidence,
185; Greenleaf's Evidence, section 99.  Hearsay evidence,
as thus described, is uniformly held incompetent to  estab-

lish any specific fact, which, in its nature, is susceptible of being proved by witnesses who can speak from their own knowledge. The effect of the instruction, if given as asked, would have been to attach the character of hearsay to the evidence given by the witnesses, as to what was said by the parties at the time the agreement was made, as to the quality and character of defendant's land. This would have been to the prejudice of plaintiff's rights. The court might well have told the jury, that verbal admissions were to be received with great caution ; but the instruction asked is very different from this, and we think the court was right in refusing to give it.

The motion in arrest of judgment and for a new trial, we think, were also properly overruled.

WRIGHT, C. J., *dissenting.*—In my opinion, the testimony of the witness, Sprague, should have been received.