### MOBERLY V. ALEXANDER.

1. **Set-off:** MORTGAGE : FORECLOSURE. A set-off or counterclaim may be interposed by the defendant in a proceeding to foreclose a mortgage.

2. **Measure of damages:** FALSE REPRESENTATIONS. In actions by the vendee against the vendor of real estate for damages by reason of false representations made by the latter at the sale, the measure of damages is the difference between the actual value of the property and what its value would be if it was as represented by the vendor. (*Hahn* v. *Cummings*, 3 Iowa, 583; *Likes* v. *Baer*, 8 Id., 368; *Gates* v. *Reynolds*, 18 Id.)

*Appeal from Warren District Court.*

MONDAY, JUNE 26.

THE record presents the following state of case: In April, 1857, the parties both lived in the State of Indiana. The plaintiff owned 120 acres of land in Warren county, this State. He sold the same to defendant for $800, one-

half cash down, the balance by note, payable the 25th of December, 1857, secured by mortgage on the land sold. In July, 1860, this suit was brought to foreclose said mortgage. The defendant sets up a counterclaim of $800 damages, resulting to him from the fraudulent representations of the plaintiff as to the location and quality of the land sold. At the trial the jury found $991.34 damages for the defendant, and deducting the amount of plaintiff's claim, $400, returned a verdict of $591.34 for the defendant, upon which judgment was entered, and the plaintiff appeals.

*Maxwell* and *Nourse* for the appellant.

*Polk & Hubbell* for the appellee.

LOWE, J. —The first irregularity insisted upon is in allowing a counterclaim of damages for fraud and deceit, 1. SET-OFF: to be set up in a proceeding to foreclose a mortgage: foreclosure. gage. The objection is not thought to be well taken. A foreclosure proceeding is equitable to be sure, in its nature, yet not exclusively or purely so. It is triable before a jury on oral testimony, and comes here to be reviewed upon errors assigned, and not to be tried upon its merits. Being a demand for money, we know no reason, under the liberal provisions of the Code, why a defendant may not interpose any set-off or counterclaim he may have a right to sue the plaintiff for.

The chief error relied upon, however, for reversing this case has relation to the rule laid down by the court as to 2. MEASURE the true measure of the defendant's damages. OF DAMA-GES : false This will better be understood perhaps by giving representations. a brief summary of the evidence introduced to establish the defendant's claim to damages on account of the fraud complained of. It seems that when the trade was made the parties were both in Indiana. The plaintiff

had been in Iowa, and had knowledge of the location and quality of the land. When he sold to the defendant he represented to him that the land was situated about 2½ miles from Indianola, in Warren county; that the 40 acres of timber and the 80 acres of prairie, were as good timber and prairie land as there was in Warren county; that when defendant came out he found the land situated about 6½ miles from Indianola; very little timber, and of indifferent quality at that upon the 40 acre tract, and that the prairie was broken and of an inferior quality. The proof showed that this land, at the date of the trade, was worth only $2.50 or $3 per acre, and that land located, and having the qualities which the plaintiff represented to defendant his land possessed, was worth at that date from $7 to $8 per acre, if prairie land, and from $15 to $25 per acre if timber land.

Now the court, among other things, charged the jury that the measure of damages (in case they found it necessary to assess the same) would be, in this case, the difference between the actual value of the land which the defendant got of the plaintiff, and such land as he (the plaintiff) represented he was selling to him. The plaintiff excepted, and claims that such was not the rule or measure of damages in this description of case, but that the amount of damages could not exceed the contract price, less the value of the land. Without now stopping to re-discuss the question, as to the proper rule or measure of damages in cases of this kind, we shall affirm the ruling below on this subject, upon the authority of the following cases: *Hahn* v. *Cummings*, 3 Iowa, 583; *Likes* v. *Baer*, 8 Id., 368; *Gates* v. *Reynolds*, 13 Id., 1.

Affirmed.