## WINCH v. BALDWIN.

1. **Contract:** ASSIGNMENT: EVIDENCE OF CONSIDERATION. Where plaintiff is the legal owner of the contract in suit, it is immaterial what he paid for it, where no question of fraud is raised by the pleadings.

2. **Agency:** HOW PROVED: DECLARATIONS OF AGENT. The authority of an alleged agent cannot be established by his own declarations; but, when the fact of agency is established, his declarations, as such, within the scope of his authority, are binding on his principal.

3. **Evidence:** ADMISSION OF DOUBTFUL APPLICATION. Where there was a contention whether an admission made by defendant related to the matter in suit, the admission and the evidence concerning it were properly given to the jury.

4. **Contract:** WAIVER: QUESTION FOR JURY. Whether the terms of a contract have been waived is a question for the jury, where the evidence is conflicting.

5. **Evidence:** NO PREJUDICE—NO REVERSAL. Evidence not prejudicial to appellant can be no ground for reversal.

6. ———: OPINIONS EXCLUDED. See opinion for illustration.

7. **Instruction:** NO PREJUDICE—NO REVERSAL. An instruction which does not prejudice the appellant is no ground for reversal.

8. **Contract:** FEEDING CATTLE: POUND OF "FLESH." Under a contract for feeding cattle, by which defendant agreed to pay ten cents for every pound of "flesh" gained by the cattle, *held* that he was bound to pay ten cents per pound for the increase in weight of the cattle.

9. **New Trial:** REMISSION OF DAMAGES: DISCRETION OF TRIAL COURT. Where a motion for a new trial on the ground of excessive damages is overruled upon the remission by plaintiff of a portion of the damages found by the jury, this court will not interfere with the discretion thus exercised by the trial court.

*Appeal from Pottawattamie District Court*

FRIDAY, APRIL 23.

ACTION AT LAW. Trial by jury.    Judgment for the plaintiff and defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*Jacob Sims,* for appellee.

SEEVERS, J.—The defendant and William Bower entered into a contract in writing, whereby it was agreed that the former should deliver to Bower forty-four head of steers, the weight of which was agreed upon, and Bower was to feed and take care of said cattle, for which the defendant agreed to pay Bower "ten cents per each and every pound of flesh gained by the cattle," when weighed on certain named scales at Savannah, Illinois. The contract was assigned by Bower to the plaintiff, who claims that the provision of the contract as to the place where the cattle were to be weighed was, after the execution of the contract, waived by the parties, and that the cattle in fact were delivered to the defendant at Persia, Iowa. The plaintiff claims that Bower fully performed the contract, as modified, on his part, and that he is entitled to recover thereon. The defendant denies that Bower performed the contract on his part, and he claims that the cattle were not properly fed and taken care of, and that thereby he sustained damages.

I. When on the trial as a witness, Bower testified, in substance, that he had assigned the contract to plaintiff, and that the same belonged to him. On cross-examination the defendant asked Bower what the plaintiff had paid him for the contract. The question was objected to, and the objection, rightly, we think, sustained. It was not pleaded that the contract had been fraudulently assigned, or that the plaintiff was not the real party in interest. Therefore, under the issues, the evidence sought to be elicited by the question asked was immaterial. The plaintiff was the legal owner of the contract, and it made no difference what he paid for it.

1. CONTRACT: assignment: evidence of consideration.

II. The contract provides that the defendant had the right to demand the cattle at any time during March, 1883, but there was no provision as to when Bower was entitled to deliver them, and thus relieve himself from feeding them any longer. The court held that Bower had the right to deliver the cattle at any time during March. This construction of

the contract is claimed to be erroneous, but we think it correct. The contract fairly construed, we think, means tha the rights of the parties in this respect were reciprocal. But whether this be so or not ceases to be material, if the defendant demanded the cattle, and they were delivered to him, during the month of March, as the plaintiff claims. The demand was made by one Wakeman as the agent of the defendant, as the plaintiff claims. Evidence was introduced

2. AGENCY: how proved: declarations of agent.

tending to show such agency, and certain statements and declarations of Wakeman were admitted in evidence against the objection of the defendant. It is claimed that this ruling was erroneous. It will be conceded that the authority of the supposed agent cannot be established by his declarations; but if the agency has been otherwise proved, then we understand the rule to be that the declarations of the agent within the scope of his authority, which constitute a part of the transaction or *res gestæ*, are admissible. The declarations of Wakeman were of this character. The theory of the plaintiff was that Wakeman had authority to demand and receive the cattle. This question the plaintiff had the right to have submitted to the jury. If they found in his favor, then the statement of Wakeman when he made the demand in relation to the cattle, and as to their weight, became material. We think the evidence objected to was admissible.

III.  As tending to establish the agency of Wakeman, a declaration made by the defendant before the delivery of the

3. EVIDENCE: admission of doubtful application.

cattle to Bower, but during the negotiations in relation thereto, was admitted in evidence, against the objection of the defendant. It is insisted that the declaration did not refer to the delivery that was to be made from Bower to the defendant. It is a matter of doubt which theory in this respect is correct, and therefore it was a question for the jury, and the evidence was admissible.

IV.  There was evidence tending to show that the provision of the contract in relation to weighing the cattle at

**4. CONTRACT:** Savannah, Illinois, had been waived or changed; **waiver: question for jury.** and, if we understand counsel, they claim that it was for the court to determine whether such waiver had been established, and therefore it is insisted that evidence showing the weight of the cattle at the time and place where the same in fact were delivered was inadmissible. Such is not the rule, but the question of waiver, like all other controverted questions of fact, was properly submitted to the jury.

A letter purporting to be written by the defendant "per C. H. Ferson," stating the weight of the cattle as reported by **5. EVIDENCE:** Bower, was admitted in evidence. It is objected **no prejudice-- no reversal** that the authority of "Ferson" to write the letter was not shown. In our opinion, the letter could not possibly have been prejudicial to the defendant.

The defendant asked a witness to state whether, in his "opinion, the protection which was afforded the cattle in that yard, **6. ——:** taking into consideration the location of the yard **opinions excluded.** and the season of the year, was adequate and sufficient to hasten their fattening." The objection of the plaintiff to this question was properly sustained, for the reason that the opinion of the witness was clearly inadmissible.

V. The third paragraph of the charge is said to be erroneous in two particulars. The first is that the court told the jury that Bower, under the contract, had the **7. INSTRUCTION: no prejudice—no reversal.** right to deliver the cattle in the month of March. As the defendant did in fact receive the cattle during that month without objection, it is immaterial whether such right existed or not. It is further objected to this instruction that there was no evidence tending to show that Wakeman was authorized to receive the cattle; but we think there was such evidence.

VI. In the fourth paragraph of the charge, the court told the jury that "the contract provides that defendant shall pay ten cents for every pound gained while Bower **8. CONTRACT: feeding cattle: pound of "flesh."** had" the cattle. It will be observed that the contract provides that defendant shall pay for every

pound of "flesh gained," and this is precisely what the court meant and the jury must have understood. The cattle were weighed when delivered to Bower, and were weighed when delivered by him, and the increase must be regarded as "flesh." This the contract clearly contemplates. It may be that if the cattle had been weighed at Savannah, Illinois, they would not have weighed as much as they did at Persia, Iowa, because of a shrinkage that would have occurred; but this makes no difference, as it is the weight of the cattle when received by the defendant which must determine the rights of the parties. We are unable to discover anything erroneous in the instructions of the court.

VII. It is contended that the verdict is not sustained by the evidence, because the damages assessed are excessive. 9. NEW trial: The amount found by the jury was not quite remission of damages: dis- $450, and the court, in determining the motion cretion of trial court. for a new trial, required the plaintiff to remit nearly $200, or the motion would be sustained. This the plaintiff did, and the motion was overruled. The right of the court to do this is conceded, but it is insisted that the amount for which judgment was rendered is excessive. But we are unable to so conclude, and therefore the judgment is

AFFIRMED.