## STEWART V. JACK.

1.   **Real Estate** : EXCHANGE OF: FAILURE OF TITLE : MEASURE OF DAMAGES. In an action to recover damages for the failure of title to real estate taken in exchange, it appeared that the title was subsequently decreed to be in another. *Held* that the measure of plaintiff's damages was the reasonable market value of the land on the date of that decree, with six per cent. interest from said date. (See opinion for authorities.)

2.   ———— : ———— : DEED TO WIFE : FAILURE OF TITLE : ACTION BY HUSBAND. Where there was a failure of title to land taken by plaintiff in exchange for land owned by him, the fact that he had the land taken by him conveyed to his wife did not affect his right to recover for the failure.

3.   ———— : ———— : FRAUDULENT REPRESENTATIONS : PLEADING. Action for fraudulent representations in the exchange of lands. Plaintiff alleged that defendant effected the exchange by representing that the lands offered by him were held by H. under a tax title, free from any encumbrances or adverse claims, and that he, the defendant, was the agent of H., and authorized to exchange the lands, all of which statements plaintiff alleged to be false, and well known so to be by the defendant at the time he made them; and that, prior to making the representations, defendant had purchased from H. his tax title, being informed by H. at the time that the lands rightfully belonged to another; but that defendant

Stewart v. Jack.

concealed such fact from plaintiff, withheld his deed from record, and held out H. as the owner of the lands. *Held* that the allegation that defendant represented .that H. held the land free from adverse claims, and that the same, was false, and known by defendant so to be at the time, presented a cause of action ; and that the allegations as to the agency of defendant and his purchase of H. were not material, except as circumstances bearing on the intent.

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, JUNE 6, 1889.

*Jas. Coen* and *Henry L. Dashiell,* for appellant.

*T. B. Perry* and *Wm. A. Nichol,* for appellee.

GIVEN, C. J.—In this case we are confronted with over two hundred pages of closely printed matter, embracing a petition with two. amendments, numerous objections to testimony, twenty-five instructions given, twenty-one refused, and seventy-seven assignments of error. Out of all this it appears that the case is simply an action to recover damages for fraud and deceit in the exchange of lands. It is shown, without controversy, that the plaintiff was the owner of a tract of land in Monroe county, Iowa, subject to certain encumbrances ; and that the defendant agreed upon an exchange, by which the defendant was to take the Monroe county land and assume the encumbrances, to pay the plaintiff two hundred dollars in money, and convey to him certain lands in Nebraska ; that, in pursuance of said agreement, the plaintiff conveyed the Monroe county lands as desired by the defendant, and that the defendant paid the two hundred dollars, and caused a deed to be executed by one Huston to the wife of the plaintiff for the Nebraska lands. We commend the industry of counsel that has reduced these numerous questions into five subjects of inquiry ; and, following them in the order in which they are presented in the arguments, we first consider the question of the measure of damages.

I.  In the original petition plaintiff alleged that the title to the Nebraska lands, received in exchange

**1. REAL estate: exchange of: failure of title: measure of damages.** for his lands in Monroe county, had failed, wherefore he asked damage "in the value of said [Nebraska] lands, with interest, to-wit, nineteen hundred dollars." In the first amendment he states the values that were put upon both pieces of land, the encumbrances assumed on the Monroe county land, that two hundred dollars were paid by the defendant, and "claims he is damaged sixteen hundred dollars with interest, to make him whole in the loss of his farm, or, which is the same thing, the agreed price of the Nebraska land, which he failed to get." In the second amendment, filed after verdict, "to conform the pleadings to the evidence and the verdict," the plaintiff claimed twenty-two hundred dollars damages, "based on the value of the Nebraska lands." The court instructed the jury that the measure of the plaintiff's damage "is the reasonable market value of the Nebraska land for which he traded, at the day of the decree of the federal court, introduced in evidence, with six per cent. interest from the day of said decree, February 8, 1886." It appears by the decree that A. S. Huston, who conveyed the Nebraska land to Mrs. Stewart, wife of the plaintiff, held a tax title to a large body of land, including that in question; that he and Mrs. Stewart and this plaintiff were respondents in that action ; that the title of Huston and his conveyances to Mrs. Stewart and to others were decreed to be null and void.   The measure of the plaintiff's damage is such sum in money as will compensate him for that which he lost by reason of the alleged fraud.   As he is not asking for any rescission of the contract, his loss is the Nebraska land ; and, as by the decree the title totally failed, the loss would be the reasonable market value of the land at the time of the failure of title.   As to the measure of damage, see *Likes v. Baer*, 8 Iowa, 368; *Moberly v. Alexander*, 19 Iowa, 162 ; *Hahn v. Cummings*, 3 Iowa, 583 ; *Devin v. Himer*, 29 Iowa, 298.

II. The fact that the conveyance of the Nebraska land was to the plaintiff's wife does not affect his right to recover in this action. He owned the Monroe county land. The contract of exchange was to him, and the right of action for damages is his. The conveyance to his wife gave her no right of action for the damages claimed against the defendant.

2. ——: ——: deed to wife: failure of title: action by husband.

III. It is claimed that the petition is insufficient, for that the representations alleged as constituting the fraud are immaterial, and are as to mere matters of opinion. The representations and acts set out as fraudulent are that the defendant represented that E. S. Huston was the absolute owner of about nine hundred acres of good and valuable land, well adapted to all agricultural uses, in Harlan county, Nebraska; that he had procured and then held the same by a tax deed from said county, free from any encumbrances or adverse claim; and that he (the defendant) was then the agent of said Huston to sell and dispose of said lands, and was authorized to exchange them for improved farms in Iowa,—all of which statements, except as to the quality of the land, are alleged to be "false, fraudulent and untrue, and well known so to be by the defendant at the time he made them." It is further alleged that, upon being told by the plaintiff that the Chicago, Burlington and Quincy Railroad Company had paid one year's taxes on the Nebraska lands, the defendant replied that such a payment of taxes was merely a scare; that they had a large amount of land for sale in that country, and were anxious to catch all the custom, and hence they paid these taxes on Huston's land just to scare purchasers, and keep them from buying it, in order that they might more readily sell their own lands,—not claiming any interest in these lands, but knowing that they belonged to Huston; that prior to these representations the defendant purchased of Huston his tax title to the Nebraska land in question; and at the time Huston informed him that said lands rightfully belonged to the

3. ——: ——: fraudulent representations: pleading.

Chicago, Burlington and Quincy Railroad Company, which was in possession and paying taxes thereon; that the defendant accepted the conveyance of said lands, but wrongfully concealed that fact, withheld his deed from record, and held out said Huston as the owner. There is no allegation that the representation that the railroad company was paying taxes merely as a scare, etc., was not true, nor that the defendant knew the same not to be true, except as we infer from the last allegation. The representation that Huston held the land free from any encumbrances or adverse claim, and that the same was false, and known to be by the defendant, presents a cause of action. The allegation as to the agency of the defendant, and his purchase from Huston, are not material as a basis of the action, but only as a circumstance bearing on the intent.

IV. We have examined the assignments of error in admitting and excluding evidence, and do not discover that any material error was committed.

V. The law governing this class of cases is so well settled that it is not necessary that we embrace in this opinion a detailed statement of our views on the exceptions taken to the twenty-five instructions given and twenty-one refused. We have carefully examined each assignment, and do not find that any substantial error was committed either in the giving or refusing instructions. The judgment of the district court is

AFFIRMED.