DOUGLASS & HEMINGWAY, Appellants, v. OLIVER S. MOSES, Appellee.

1. **Sale of Horse:** ACTION ON EXPRESS WARRANTY: INSTRUCTION TO JURY. In an action upon an express warranty in the sale of a horse, an instruction that "if no representations were made at the time of sale, but the plaintiffs looked him (the horse) over, and took him upon their own judgment, without asking anything about the horse, then they can not recover in this action, and your verdict will be for the defendant," is approved.

2. ———: EXPRESS WARRANTY: TIME OF MAKING. An express warranty of personal property, made after a part of the purchase price has been paid, but before the property has been delivered, and the remainder of the price paid, is binding.

3. ———: ———: BREACH: MEASURE OF DAMAGES. For the breach of an express warranty in the sale of a horse, the measure of damages is the difference between the actual value of the horse at the time of the sale, and what he would have been worth if he had been as represented or warranted, as shown by the evidence.

*Appeal from Cedar District Court.*—HON. JAMES D. GIFFEN, Judge.

THURSDAY, OCTOBER 5, 1893.

THIS is an action at law to recover damages of the defendant for the breach of an alleged warranty of a horse sold by the defendant to the plaintiffs. There was a trial by jury, which resulted in a verdict and judgment for the defendant. The plaintiffs appeal.— *Reversed.*

*T. Todd* and *W. N. Treichler* for appellants.

*Wheeler & Moffit* for appellee.

ROTHROCK, J.—I. The claim made in the petition is that the plaintiffs purchased a horse of the defend-

ant, for which they paid one hundred and fifty dollars, and that the purchase was effected by reason of a warranty by the defendant that the horse was a gelding, and that he was sound and gentle, when in fact he was not a gelding, and had not been fully castrated, but had one testicle remaining, and that said horse was not sound and gentle. There are averments in the petition that the statements made as to the horse being a gelding, and sound and gentle, were false and untrue; but there is no averment that the defendant knew that the statements were false. The action, then, was for a breach of an express warranty. It was tried as an action for a breach of an express warranty, and will be so considered here.

1. Sale of horse: action on express warranty: instruction to jury.

The court properly charged the jury as to what constituted an express warranty; the appellants complain of a part of the charge, because it directed the jury that, "if no representations were made at the time of sale by the defendant, but the plaintiffs looked him (the horse) over, and took him upon their own judgment, without asking anything about the horse, then they can not recover in this action, and your verdict will be for the defendant." This instruction embodies what is denominated in the law as the rule of *caveat emptor*. It is urged that the instruction is erroneous, because it precluded the jury from considering the fraudulent concealment of defects in the horse, and the breach of an implied warranty. It is enough to say of these objections that the case made by the petition is upon an express warranty, and the rule contended for by counsel has no application to the case.

II. It is claimed that the verdict is contrary to the evidence. It is conceded that the horse was what is known as a "ridgling," which is defined to be "the male of any beast, half gelt." The purchase of the horse was made at

2. ——: express warranty: time of making.

the city of Cedar Rapids. Neither the plaintiffs nor the defendant resided at that place. The plaintiffs were buyers and shippers of horses, and their place of business was West Branch, in Cedar county. The defendant had the horse at a feed stable. The horse was examined by the plaintiffs, and a price was agreed upon, and five dollars was paid, and the animal was delivered the next morning, at which time the plaintiffs paid to the defendant one hundred and forty-five dollars. There is evidence to the effect that before the five dollars was paid the defendant stated that the horse had been gelded, and that he was sound, all right, and safe; and the evidence shows beyond all question that on the next morning, and before the one hundred and forty-five dollars was paid, the defendant in answer to inquiries by the plaintiffs, stated in positive terms that he had the horse gelded some months before that. It is true that the defendant in his testimony as a witness denied that he made the statement that the horse had been castrated before the five dollar payment was made. But he did not deny the testimony of three witnesses that, before the one hundred and forty-five dollar payment was made, he stated in the most positive terms that the horse had been castrated. He not only did not deny that he made such statements, but the evidence shows without dispute that he then knew that the statement was false. It is claimed in behalf of the appellee that, when the five dollars was paid, there was a completed sale, and there could be no warranty after that time, and before the balance of the purchase money was paid. The case of *Bank v. Reno*, 73 Iowa 145, is cited, in support of the above proposition. It is scarcely necessary to say that the cited case has no application to the question now under consideration. That was a case where, after part payment of the purchase money had been made, a creditor of the seller caused an execution to be levied upon the property, and the con-

troversy was between the purchaser and the creditor. If this was a completed sale of the horse as between the parties upon the payment of the five dollars, it would have been the right of the defendant to have compelled the plaintiff to pay the balance of the purchase money, notwithstanding a breach of warranty. That a binding warranty may be made after payment of part of the purchase money, and before the delivery of the property, see *McGaughey v. Richardson*, 20 N. E. Rep. (Mass.) 203.

III. It is claimed by the appellee that, conceding there was an express warranty, and a breach thereof,

3. ——: ——: breach: measure of damages.

as alleged in the petition, the jury were warranted from the evidence in finding that the whole price paid by plaintiffs did not exceed the actual value of the horse in the condition he was at the time of the sale. But that is not the measure of damages. The court correctly instructed the jury that the measure of damages "would be the difference, if any, of the actual value of the horse at the time of the sale and what he would have been worth if he had been as represented or warranted, as shown by the evidence." This instruction was the law of the case, and if the jury had followed it they would have returned a verdict for the plaintiff for not less than fifty dollars. The defendant testified as a witness that the difference in value was from fifty dollars to seventy-five dollars. Other witnesses placed it at a greater sum. There was no witness who gave the difference in value at less than from twenty dollars to fifty dollars. Some of them fixed the difference at one hundred and fifty dollars. We have said that the instruction as to the measure of damages was the law of the case, and that it was correct. It has been the law of this state for more than thirty years. *Likes v. Baer*, 8 Iowa, 368; *Lacey v. Straughan*, 11 Iowa, 258; *Gates v. Reynolds*, 13 Iowa, 1; *Callanan v. Brown*, 31 Iowa, 333.

We think the court should have sustained the motion for a new trial on the ground that the verdict was contrary to the evidence.    REVERSED.