FRED GALLIERS v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Evidence:** VALUE: *Value of thing traded for.* In an action against a carrier for the loss of a stallion through defendant's negligence in shipping the same in a car in which fresh lime had recently been carried, evidence that the horse traded by the plaintiff for the stallion was worthless, and that an action pending against plaintiff for breach of warranty, together with the petition in such action, was properly rejected, since the value of an article traded for another cannot be shown in reduction of the value of the latter.

*Same.* In such case, evidence of the value of the stallion when sold to another long before he was obtained by plaintiff, was incompetent.

**Pleading:** ISSUE MADE BY DENIAL: *Striking out.* Where the petition in an action against a carrier for the loss of a stallion through defendant's negligence in shipping averred that the horse was purchased for breeding purposes, was young, highly bred, and well gaited, and the answer denied these allegations, it was proper to strike from the answer an affirmative allegation that plaintiff traded for him an old horse, which he knew was without value, and without seeing the stallion, since such allegation was only material on the question of the value of the stallion, which could be shown under the denials, and the value of the horse traded was not in issue.

AMENDMENT: *May be filed at close of plaintiff's evidence.* Where the petition alleged that plaintiff's horse received injuries resulting in death, through the negligence of defendant in shipping him in a car in which fresh lime had recently been carried, and an amendment was filed at the close of plaintiff's evidence, not as a substitute for the original peti-

tion, stating that the horse was unduly exposed to the elements while in the car, by reason of which he caught cold and died, the issue thus raised was properly submitted to the jury.

*Appeal from Monroe District Court.*—HON. T. M. FEE, Judge.

FRIDAY, APRIL 11, 1902.

ACTION to recover the value of a horse alleged to have died on account of the negligence of the defendant. Trial to a jury, and verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*T. B. Perry* and *N. E. Kendall* for appellant.

*Dashiel & Mason* for appellee.

SHERWIN, J.—The petition alleges the loss of a standard-bred trotting stallion through the negligence of the defendant in shipping the horse from Des Moines to Albia in a car in which fresh lime had recently been carried. It was also averred that the horse was purchased by the plaintiff for breeding purposes, and that he was young, highly bred, and well-gaited. The defendant, in its answer, denied these allegations, and stated that the plaintiff traded for him an old horse, which he knew was of no value, and without seeing the stallion in question until his arrival at Albia. The affirmative allegation above noted, was stricken out on motion. There was no error in this, for two reasons. In the first place, it could only be material on the question of the value of the horse traded for, which was provable under the denials in the answer; and, secondly, because the value of the horse traded was not in issue, and could not be put in issue, in this action, as we shall show hereinafter.

The defendant sought to show on the cross-examination of the plaintiff that the horse he traded for the stallion was

worthless; and, further, that he then had an action pending for a breach of warranty in the sale of the horse to him.    This testimony, and the offer of the petition in the other action, were rejected and rightly so.    We have held that the price at which an article sold may be shown as tending to fix its market value.    *Buford · v. Mc-Getchie*, 60 Iowa, 298.    But we have been cited to no case in this state or elsewhere which holds that, where personal property has been traded for, and a third person destroys a part of that property, he may prove the worthlessness of the property exchanged therefor.    If the seller is satisfied with the value of property which he received in exchange for his property, its value cannot be shown in reduction of the value of the property for which it was exchanged.    This seems to us to be the sound rule, and in fact, the only one that will keep the main issue in cases of this kind before the jury; otherwise it would be competent to try the value of every article which had entered into trades leading up to the one in controversy.    There is no difference in principle between this rule and that where one is compelled to pay the debt of another, and does so in property which is accepted in full satisfaction thereof.    In such case the debtor cannot reduce the recovery of his surety by offering evidence that the proprty was of less value.    *Garnsey v. Allen*, 27 Me. 366.    As applying the same principle, see *Winch v. Baldwin*, 68 Iowa, 764; *Likes v. Baer*, 8 Iowa, 368.    The correctness of this rule is further illustrated in this case.    It was shown that the dead horse, with others, was traded by a former owner to the party of whom the plaintiff purchased him, and the defendant then offered to show the value of all of these other horses, and in fact was permitted to show the value of some of them.

Evidence, of the value of this stallion when sold to Keefe, long before he was obtained by the plaintiff, even if a cash price had been paid for him, was incompetent, under the rule announced in *Gere v. Insurance Co.*, 67 Iowa, 272.

The defendant offered evidence as to the market value of the sire of this stallion and of his ability as a trotter, as a colt getter, and as to the quality of his colts, the amount of his patronage, and his reputation as a sire where owned. Some of this evidence was received; more than was material to the issue in this case, we think, but enough to show the quality of the sire and the character of his stock. His breeding was not in dispute, and this was all that was material on the question of the value of the plaintiff's stallion for stock purposes.

At the close of the evidence the plaintiff filed an amendment to his petition, stating that the horse was unduly exposed to the elements, in the car in which shipped, and that by reason thereof he caught cold, and died from the effects thereof. This issue was submitted to the jury, which is assigned as error. It was not filed as a substitute for the original petition and we think was properly given to the jury. There was evidence supporting the issue thus presented, and, as we understand the record, the amendment was not assailed, but an answer thereto was filed, putting in issue its averments.

We discover no error, and the judgment is AFFIRMED.