GEORGE E. BOWEN, Appellant, v. S. ZACCANTI, Respondent.

**Springfield Court of Appeals, January 18, 1919.**

1. **SALES: Warranty Made Pending Consummation of Sale: Right of Buyer.** Statement that horse would work double or single and was a good horse, made by defendant seller after plaintiff buyer had paid initial payment, but before payment of balance of purchase price or delivery, amounted to an express warranty made pending sale, and plaintiff could recover for breach.

2. ———: **Consummation: Delivery and Acceptance: Executory Sale.** A sale is executory until there has been a delivery and acceptance of the goods in accordance with the contract and with intent to pass title.

Appeal from Barry Circuit Court.—*Hon. Charles L. Henson,* Judge.

REVERSED AND REMANDED.

*D. S. Mayhew* for appellant.

*T. D. Steele* for respondent.

FARRINGTON, J.—The appellant here filed in a Justice Court in Barry County, in which he seeks to recover from defendant the sum of $112.50, alleged to have been paid to the defendant as a purchase price of a horse. The petition is based upon the breach of an express warranty to purchase the horse when the sale took place. The court, after hearing the evidence introduced on plaintiff's part, sustained a demurrer to the evidence and rendered judgment accordingly. The plaintiff assigns error to the court's action.

On examining the testimony offered by the plaintiff, we find that it tends to show that on March 28, 1917, he went to the defendant's place of business and

inquired about purchasing a team of horses, and that he looked at the two horses, and without any express warranty having been made by the defendant, agreed on a price to be paid for the horses and at the time paid down $25 as part of the purchase price. His testimony further indicates that about April 7, 1917, he went back to defendant's place of business and at that time on making known to the defendant what he was purchasing the horse for, the defendant told him that the team would work double or single, and were good horses. The balance of the purchase money was paid and the horse delivered.

The evidence tends to show that the horse was a balky horse, and would not work either double or single, and was not a good work horse.

The ground relied upon by the defendant to uphold the judgment is that under plaintiff's statement the alleged express warranty was made after the sale was completed, was not made pending the treaty, and that it was, therefore, if made at all, without consideration, and a statement upon which the plaintiff could not recover as of an express warranty. This seems to be the theory upon which the case was decided by the trial court.

There is a general rule of law that if a buyer can recover upon an express warranty, he must have relied upon a statement made pending the sale. [35 Cyc. 373-414.] The definition of a warranty is copied in Haynes v. Neece, 116 Mo. App. l. c. 510; "A warranty is express where the seller makes some positive representation or affirmation, with respect to the article to be sold (italics ours) *pending the treaty of the sale,* upon which it is intended the buyer shall rely in making his purchase." [Biddle, on Warranties in the Sale of Chattels, sec. 2.] [See Shull v. Ostrander, 63 Barber, 30.]

The whole question here is whether this statement sworn to by the plaintiff was made pending the sale or before the sale was completed. He says that it

was made after he paid the $25 initial payment, but before the horse was delivered, and before the balance of the purchase money was paid. It is undoubtedly the law that a sale is still executory until there has been a delivery and acceptance of the goods in accordance with the contract, and with intent to pass the title, and during such time the property remains that of the vendor. [Fairbank Company v. Railroad, 167 Mo. App. 286, 149 S. W. 1154; Armstrong v. Bank, 195 S. W. 562.]

We do not find that this question has ever been passed upon in this State, but we have found two cases on all fours with the question involved here in the sale of horses. In the case of Douglas v. Moses, 89 Ia. 40, 48 Amer. State Rep. 353, the plaintiff purchased a horse of the defendant for which he paid $150, and the purchase was effected by reason of a warranty of the defendant that the horse was a gelding, and that he was sound and gentle, when in fact he was not a gelding and he was not sound and gentle. The purchase of the horse was made at the city of Cedar Rapids, neither plaintiff nor defendant resided at that place. The plaintiff examined the horse at the defendant's feed stable, and agreed upon a price, and paid down $5; the animal was delivered the next morning, at which time the plaintiff paid the balance of $145. There was evidence to the effect that on the morning on which the balance of the money was paid and the horse delivered that plaintiff inquired of defendant about the horse, and that the defendant in positive terms represented that the horse was a gelding; and the trial court there held that the sale not having become an executed one until the time that the balance of the purchase money was paid and the horse delivered, the representation as to the character of the horse made by the defendant was made pending th treaty of the sale, based on a consideration, and was a warranty upon which plaintiff was entitled to recover. The case cites as authority the case of Mc-

Gaughey v. Richardson, 148 Mass. 608, 20 N. E. 202. There the plaintiff purchased a horse at a public auction, and before he paid the money or the horse was delivered, a question arose between the parties as to the form of warranty to be given, and the parties agreed on certain words to be written in the bill of sale; the money was then paid and the horse delivered. It was held that the warranty rested upon a good consideration and was binding on the defendant.

We, therefore, hold that owing to the fact that the sale was yet not completed, and there remained to make it an executed sale the paying of the balance of the purchase money and delivery of the horse, the statement made by the defendant that he would work single or double and was a good work horse amounted to a warranty upon which the plaintiff may recover if he can establish such fact before the jury. The judgment will therefore be reversed and the cause remandd. *Sturgis, P. J.,* and *Bradly, J.,* concur.