W. J. MOSS v. DAVID L. MARKS ET AL.

FILED JANUARY 6, 1904.  No. 13,256.

1. **Election of Remedies.**  One who by action pursues one remedy without being chargeable with notice of facts entitling him to a different one, is not thereby estopped to pursue the latter upon discovery of such facts, if he then discontinues his action for the former.

2. **Remedies:** ESTOPPEL.  An action for the conversion of chattels and one for the possession thereof are not inconsistent remedies; and one who has sued for conversion may dismiss such action and recover in replevin, if his right is otherwise good.

ERROR to the district court for Jefferson county: CHARLES B. LETTON, JUDGE.  *Affirmed.*

*W. J. Moss, pro se.*

*John Heasty* and *C. H. Denney, contra.*

GLANVILLE, C.

The plaintiff in error was, by the district court for Jefferson county, allowed to intervene as defendant in a replevin action for the purpose of protecting his so-called attorney's

lien upon the replevied property for the value of services
rendered to the original defendants in the action, who had
attempted to dismiss their appeal to that court from a
judgment against them in county court, and absconded.
The plaintiff had judgment, and the intervener brings
error.   A full history of the case would be somewhat
tedious and will be omitted, because, in the view we take,
which is the same as that taken by the plaintiff in error,
he can not prevail, unless he is correct in his interpreta-
tion of the law applied to a few simple facts.   The de-
fendant in error commenced an action against the same
parties, who were the original defendants in the replevin
case, upon a claim for damages for the wrongful conver-
sion of a buggy.   Afterwards it was found that the buggy
in question was within reach of process, and the action
for conversion was dismissed, and this action for the re-
covery of the buggy commenced.   The plaintiff in error's
contention is that the bringing of the first suit was such
an election of remedies as estops the defendant in error
to claim title to the buggy, and this is his only claim and
reliance.   If he is not right in this, he can not prevail in
this action and, in fact, does not expect to prevail.   He
says in his brief, "It became necessary to rely upon the
rights which are his by operation of law.   These rights
arise from the law of election of remedies."   We think
his contention as to the law governing the case is wrong,
and it will therefore be unnecessary for us to discuss other
questions argued at some length in his brief, touching his
right to such a lien as he claims, and his right to inter-
vene.   Many citations of authorities are contained in the
brief to support the proposition that, "After bringing as-
sumpsit for the purchase price of chattels, the plaintiff can
not bring replevin for the same chattels, though the action
in assumpsit has been voluntarily discontinued."   It
should be apparent that this proposition, however firmly
established in law, has no application to this case, because
the defendant in error did not bring assumpsit. / The fol-
lowing proposition is also stated with citation of author-

ities in support thereof: "At law, in many cases, if the property be tortiously taken or converted, the tortfeasor may be sued in tresspass or trover, or the injured party may waive the tort and sue in assumpsit. In the latter case the same results follow as if there has been an implied contract." In this case the defendant in error did not waive the tort, but sued for conversion; and if he was not thereby precluded from dismissing such action and retaking his property when discovered within reach of process of law, the plaintiff in error must fail.

In *Locke, Hulcutt & Co. v. Shreck*, 54 Neb. 472, it is expressly held that, to maintain an action for conversion of chattels, a party must have actual possession of the property, or the right of immediate possession. In *Depriest v. McKinstry*, 38 Neb. 194, this court expressly held that an action of replevin will not lie against one who, at the time the action was instituted, was neither in the actual nor constructive possession or control of the property, unless he has concealed, removed, or disposed of the same for the purpose of avoiding the writ, and in *Peterson v. Lodwick*, 44 Neb. 771, it is said:

"The facts necessary to be established to entitle a plaintiff in replevin to recover must be shown to have existed at the time the action was commenced."

In the case before us the defendant in error, at the time the action was commenced to recover for the conversion of the buggy, did not know that the one fact necessary to a right of action in replevin, that was not necessary to sustain his action of conversion, that is, *possession of the buggy by the defendant,* then existed. As we have seen, his right to immediate possession of the property must exist to support his action of conversion as fully as is required to support replevin. There was then no election to pursue the action in conversion with knowledge of his right to the action of replevin, and, even if the remedies were inconsistent, he was not estopped to bring replevin, because he dismissed the other action as soon as he discovered he had the right of replevin.

Again, as a wrongful detention of the property by the defendant would constitute an act of conversion, there is no inconsistency between the remedy in conversion and the remedy in replevin. In *Pyle v. Warren,* 2 Neb. 241, it is held that possession of chattels, with claim of title adverse to the owner, is evidence of conversion. To succeed in replevin the defendant in error would not be required to disprove any fact which he must rely upon in his action for conversion, nor to succeed in conversion would he be required to disprove any fact which he must rely upon in replevin. The defendant in error had as complete a right to his action in replevin as though he had not commenced and dismissed the other action, because he had done nothing to divest him of his title to the buggy, nor alleged any fact inconsistent with his claim of such title. Indeed, it has been repeatedly held that judgment for plaintiff in trespass or trover, without satisfaction, will not pass the title of the property involved to the defendant. *Lovejoy v. Murray,* 3 Wall. (U. S.) 1; *Elliott v. Hayden,* 104 Mass. 180; *Bell v. Perry & Townsend,* 43 Ia. 368. This is said to be the accepted doctrine in this country. Cooley, Torts (2d ed.), 458. When the owner has elected to waive the tort and sue upon an implied contract to pay for the chattels, the rule is different. In 7 Ency. Pl. & Pr. p. 370, it is said, speaking of assumpsit in such cases:

"As the theory of it is a transfer of title to the converted property from the owner to the wrongdoer or his vendee, it is the opposite of the theory upon which are predicated the remedies of trespass, trover and replevin, which is that of continued title in the injured party."

The alternative remedies are assumpsit on the one side, and trespass, trover, and replevin on the other, and these latter are concurrent, provided the wrongdoer still has the property so as to allow replevin. The only theory upon which plaintiff in error bases his claim of right to a reversal is wrong, and it appears that the judgment of the district court is the only one justified by the record.

We therefore recommend that the judgment of the district court be affirmed.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.