**SPEED v. McMURRAY et al.**

No. 8964—Opinion Filed Aug. 20, 1918.

On Rehearing, Nov. 26, 1918.

(176 Pac. 506.)

**1. Exchange of Property—Rescission of Contract—Fraud—Damages.**

Where plaintiffs and defendants agree on an exchange of plaintiffs' farm for certain town lots which the parties examined, and the agreement was that the farm should be exchanged for specific lots examined by the parties, but by a mistake the deed was made for lots in another block of less value than those agreed on, and the farm was subsequently transferred to an innocent purchaser for value, without notice, held, in an action ot rescind the contract on the ground of fraud, that the plaintiffs might recover as damages the difference between the value of the lots agreed and those actually conveyed.

**2. Election of Remedies—Knowledge.**

The facts of this case have been examined, and are held to have no application to the doctrine of election of remedies.

*On Rehearing.*

**3. Interest—Unliquidated Damages.**

Interest cannot be recovered upon unliquidated damages, where it is necessary for a verdict to be had in order to ascertain the amount of the same.

(Syllabus by Davis, C.)

Error from District Court, Beckham County; T. P. Clay Judge.

Action by J. W. McMurray and J. R. McMurray against H. K. Speed. Judgment for plaintiffs, and defendant brings error. Remanded with direction to modify judgment.

E. H. Gipson and T. Reginald Wise, for plaintiff in error.

McAdams & Haskell, for defendants in error.

Opinion by DAVIS, C. This action was instituted in the district court of Beckham county, Okla., by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant. The transaction out of which this suit arose is as follows: The plaintiffs and defendant were residents of Beckham county, Okla. The plaintiffs were the owners of a farm located in Beckham county, Okla., said farm consisting of 160 acres of land, and the defendant was the owner of lots 39 to 44, inclusive, in block 1, Alta Vista addition to Oklahoma City. On or about January 21, 1909, there were negotiations started between plaintiffs and defendant for an exchange of this property. In furtherance of these negotiations the plaintiffs and defendant came to Oklahoma City to inspect the lots owned by the defendant. When they arrived in Oklahoma City they went to where the lots were supposed to be located. It seems that neither the plaintiffs nor defendant were familiar with the exact location of the lots in question, and when they went to view said lots, instead of inspecting the lots owned by defendant, they were shown lots that were located in block 2 in Alta Vista addition to Oklahoma City. The terms of exchange of said property were agreed upon, and deeds executed by the plaintiffs to the defendant for the land located in Beckham county, Okla., and the defendant executed a deed to the lots located in Oklahoma City. About 60 days after the transaction was consummated it was discovered that an error had been made by the parties to said transaction, and that the plaintiffs did not receive the lots that were shown them in Oklahoma City. It appears that the mistake was mutual, the lots that were actually deeded to plaintiffs had practically no value by reason of the fact that they were located in a ravine, and the amount of money that it would require to fill and level said lots would be more than the value of the lots after said expenditure. When this mistake was discovered, this action was instituted to rescind the contract and to cancel the deed executed by plaintiffs to the defendant to the farm in Beckham county. A deed to the lots was properly executed by plaintiffs and tendered to the defendant.

It was disclosed at the trial of the case that the defendant had deeded the farm in Beckham county to an innocent purchaser, and that the court did not have authority to grant the relief prayed for. At the conclusion of the evidence the plaintiffs requested to be permitted to file an amendment to their petition, so that the petition might conform to the facts as shown by the evidence. For some reason this amended petition was not filed. At one time the consent of the court was given to file said amendment, and later this consent was withdrawn, and the plaintiffs were denied the right to file said amendment. The case was first tried to the court, and the court found in favor of the defendant and against the plaintiffs. From that judgment and decree the plaintiffs appealed to the Supreme Court of this state, where the judgment and decree of the lower court was reversed, and the cause remanded to the district court of Beckham county for further proceedings. The case is reported in 54 Okla. 31, 153 Pac. 181. The case was accordingly tried in the district court of Beckham county, Okla., on the amended petition and the amendment to the amended petition. The case was submitted to a jury, and a verdict returned in favor of the plaintiffs for the sum of $700, with 6 per cent. interest from January 21, 1909. A motion for a new trial was filed and overruled, from which action the defendant prosecuted this appeal.

There is but one question that is material to a consideration in this case and that is as to whether or not the instruction of the court as to the measure of damage is correct. The trial judge instructed the jury that the measure of damages in said action was the difference between the value of the lots agreed on and those that were actually conveyed. This instruction is based upon the syllabus in the case of Murray v. Speed, supra. It is urged in this case that the instruction is an erroneous statement of the law as to the measure of damage applicable in this case. It is contended by the plaintiffs that the law as stated in the syllabus on the former appeal was the law of the case at the second trial in the district court of Beckham county, Okla., and that it was immaterial as to whether or not it is a correct or erroneous statement of the law applicable to the measure of damage, for the reason that the rule announced by Commissioner Devereux on the appeal was binding on the trial court at the second trial. An examination of the opinion as written by Commissioner Devereux discloses that the measure of damage that should be applied in this case was not discussed in the opinion, but that in writing the syllabus the measure of damage that should be applied is there stated. The defendant has earnestly argued that the rule announced in the syllabus is not the law of the case, for the reason that it is not supported by

any finding in the body of the opinion.

It is not necessary to determine this question, for the reason that we have reached the conclusion, after a careful consideration, that the rule as stated in the syllabus of the case is a correct statement of the law as to the measure of damage that should be applied in this case. It was determined by the court in the former appeal that this is a case of equitable cognizance, and that, the court having obtained jurisdiction for the purpose of administering relief, equity retained jurisdiction for all purposes, even though it should be required to determine purely legal rights, that are otherwise beyond its authority. When the evidence disclosed that the farm formerly owned by plaintiffs in Beckham county, Okla., had been deeded by the defendant to an innocent purchaser, it was then apparent that the court was without authority to administer the exact relief sought by the plaintiffs, and it then devolved upon the court to render a money judgment as prayed for in the original petition, and in the amended petition and amendment to the amended petition. When it developed that the farm formerly owned by the plaintiff had been placed beyond the jurisdiction of the court, it was then impossible for the plaintiff in this case to rescind the contract of exchange entered into, and they were compelled to retain the lots that had been deeded to them by the defendant. In this situation the measure of damage that should be applied was the difference in the value of the lots that were shown by the plaintiffs and the value of the lots that were actually deeded to them. This seems to us the most equitable rule that could be applied in this case. When it became apparent that the plaintiffs were not able to obtain the exact relief that they desired, it was then the duty of the court to administer such relief as was in its power to administer under the facts of the case.

The evidence discloses that the lots that were actually deeded to the plaintiffs were absolutely worthless, but that the lots that were shown the plaintiffs were good, valuable residence lots, and were worth a much larger sum than the plaintiffs secured judgment for. This measure of damage is the one that is applied by a majority of the courts in this class of cases. It is admitted by counsel for the defendant that the measure of damage that was adopted by the court in this case would be correct, if the plaintiffs were seeking to affirm the contract, but that the measure is incorrect in an action to rescind. This argument is not sound, for the reason that the relief that the court was at last compelled to administer in this case was based on the fact that the defendant had placed it beyond the power of the plaintiffs to rescind, and, by disposing of and conveying said farm to an innocent purchaser, that the plaintiffs were compelled to retain the lots that he had deeded them.

We see no reason, under such circumstances, why the defendant should not be made to respond in damages in a sum equal to the difference between the value of the lots that he had shown the plaintiffs and the lots that were actually deeded. The consideration that he received for the transaction was based on the valuation placed upon the lots located in block 2, which were valuable residence lots, and the consideration as shown by the deed that conveyed the title of the farm to the defendant, and the deed that conveyed the title to the lots to plaintiffs, shows a valuation upon the property of $1,500. The defendant secured the benefit of the valuation that the lots located in block 2 possessed, and was enabled to sell the lots located in block 1, which the evidence discloses had no value at all. We therefore conclude that the measure of damages adopted by the court is the one that comes nearest to administering complete and exact justice in this case. This rule is not without support, and seems to be the one that is adopted by a majority of the courts in this country.

The case of Phinney v. Hubbard, 2 Wash. T. 369, 8 Pac. 533, is a case very much like the one at bar. In the Washington case, the plaintiff and defendant were negotiating for an exchange of property, and defendant pointed out to plaintiff three lots in the city of Seattle, which he offered to and did sell to the plaintiff for the sum of $150. Defendant did not convey these lots to the plaintiff, but instead conveyed three other lots, one of which was worth $50, and the other two did not exist. In an action for damages for fraud, plaintiff was held entitled to the difference between the value of the lot received of defendant, $50, and the value of the lots which defendant falsely represented to be lots he conveyed to plaintiff, which were valued at $1,500, and plaintiff was given a judgment for $1,450, which judgment was affirmed by the appellate court. Gustafson et ux. v. Rustemeyer, 70 Conn. 125, 39 Atl. 104, 39 L. R. A. 644, 66 Am. St. Rep. 92; Moberly v. Alexander, 19 Iowa, 162; Speed v. Hollingsworth, 54 Kan. 436, 38 Pac. 496; Ettlinger v. Weil, 184 N. Y. 179 77 N. E. 31; Devin v. Himer, 29 Iowa, 297; Mealey v. Finnegan, 46 Minn. 507, 49 N. W. 207.

The only other question presented by the

defendant is that the plaintiffs, having elected to rescind this contract, should not now be permitted to recover a money judgment, and that the plaintiffs, once having elected their remedy, are bound by their election, and must still pursue their remedy, based on a rescission of the contract. The doctrine of election has no application to the facts in this case. When the suit was instituted for a rescission of this contract, it was not known to the plaintiffs that the defendant had deeded the Beckham county farm to an innocent purchaser; and when this fact developed in the evidence the plaintiffs requested permission to file an amended petition, to conform to the facts as shown by the evidence. This request was denied by the trial judge, and when the case was appealed to this court the action of the trial judge in refusing to permit this amendment was held to be error, and the cause was remanded to the district court of Beckham county to be tried on the amendment that the plaintiffs requested to be permitted to make. The district court of Beckham county was proceeding under the instructions as given by Commissioner Devereux in the opinion here rendered. An election of remedies, to be binding, must be made with full knowledge of all the facts; and if an election is made between inconsistent remedies, in ignorance of material facts, it is not binding on the party thus making such election, to the extent that he is denied any other relief. Moss v. Marks, 70 Neb., 701, 97 N. W. 1031; Albany Hardware & Iron Co. v. Day, 11 App. Div. 230, 42 N. Y. Supp. 971; Bank of Lodi v. Washburn Light & Power Co., 98 Wis. 547, 74 N. W. 363; Hogue v. Wells, 180 Mich. 19, 146 N. W. 369; Graybill, v. Corlett, 60 Colo. 551, 154 Pac. 730.

These are the only two propositions that have been presented in this case, and after an examination of the entire record we are convinced that the judgment recovered by the plaintiffs is far from being adequate; but, as the plaintiffs are not seeking a reversal of this case, this matter does not need consideration.

We find no error that is prejudicial to the defendant in this case, and therefore recommend that the judgment be affirmed.

#### On Rehearing.

DAVIS, C. In the petition for rehearing filed in this case, it is called to the attention of the court that the judgment, which allows interest on the amount found to be due the plaintiffs from the 21st day of January, 1909, is in conflict with the rule in this state which denies a recovery of interest on an unliquidated claim.

A re-examination of this question discloses that the contention of counsel for defendant in this respect must be sustained. This is an action to recover damages, and it was necessary to have a verdict in order to determine the amount of damages which the plaintiffs are entitled to recover. This being true, the rule announced in the case of City of Chickasha v. Hollingsworth, 56 Pac. 341, 155 Pac. 859, is controlling. The rule announced by Mr. Commissioner Hooker is as follows:

"Interest cannot be recovered upon unliquidated damages, where it is necessary for a judgment on verdict to be had in order to ascertain the amount of same."

It follows that the judgment in the instant case should be modified, to the extent that all interest should be disallowed prior to the 12th day of February, 1916.

We therefore recommend that the cause be remanded to the district court of Beckham county, Okla., with direction to modify said judgment in accordance with the views herein expressed.

By the Court: It is so ordered.