## ZAUK v. ATTAWAY.

No. 8976—Opinion Filed Nov. 19, 1918.

(176 Pac. 216.)

1. **Appeal and Error—Verdict—Sufficiency of Evidence.**

In a law case where the evidence is in conflict but there is sufficient legal evidence to reasonably sustain the judgment, this court will not disturb the judgment.

2. **Account, Action On—Verified Account—Sufficiency of Evidence.**

The evidence in this case carefully considered, and, though in irreconcilable conflict, held to be sufficient to reasonably support the judgment rendered.

(Syllabus by Collier, C.)

Error from County Court, Bryan County; J. L. Rappolee, Judge.

Action by H. W. Attaway against B. H. Zauk. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Judgment rendered against the sureties on a supersedeas bond.

Utterback & MacDonald, for plaintiff in error.

McPherren & Cochran, for defendant in error.

Opinion by COLLIER, C. Plaintiff in error, hereinafter styled "plaintiff," brought an action against the defendant in error, hereinafter styled "defendant," to recover upon a verified account in the sum of $660.40.

The evidence in the case covers 300 typewritten pages, and it would, without corresponding benefit, unreasonably incumber the opinion to set out even an abridgment thereof.

The material evidence is that in the year 1913 the plaintiff was erecting three brick buildings in the town of Bennington, Okla., and the defendant was erecting one building adjoining said other buildings; that the same contractor erected all the buildings, and the work progressed on all the buildings at the same time; and that defendant resided in Sherman, Tex.

The plaintiff testified that defendant asked him to look after his building and see that everything was paid for; that he did not instruct him at any time to limit the expenditures for material and labor to the contract price; that defendant said, "We will put them all up together," and he wanted plaintiff to look after it and see that the material and labor were all paid for so that there would not be any liens coming after it was all over with; that plaintiff was to pay out his money and use defendant's; that defendant never at any time told him to pay out his (plaintiff's) money; that he would not have paid anything out if defendant had not authorized him to do so; that he would not have bought the car of sand if defendant had not authorized him to do so; that the material was to be used in the buildings, and it was plaintiff's understanding that he was to pay for these things out of defendant's money and out of his money, which he did; that his understanding was that plaintiff was to use our money in paying for material and labor, and that defendant would settle after it was over with, according to what the contractor said each building cost; that, according to his understanding, he could draw checks on defendant's deposit

to pay for stuff that went into his building; that defendant did think he gave checks for labor when the buildings were all going up together; that defendant did say for plaintiff to pay for all the material and all the labor that was put on the buildings, and after it was over with we would settle; that plaintiff tried to settle with defendant, and he would not settle; that he said he would not settle, "just let the courts settle"; that plaintiff was to draw on either account, and we were to have a settlement.

The evidence of one of the contractors was that he was familiar with the amount of labor and material which went into each of the buildings, that the cost of the Zauk building was $2,692.40, and testified as to the several items that went to make up that amount.

The defendant introduced the following letter, written him by plaintiff:

"B. H. Zauk, Sherman, Texas—Dear Sir: Notice has been served on me which reveals to me that claim has been filed against our buildings for material. I will have to inform you that unless you settle for your part I will have to file claim against your building for material I bought for you. You will know that I paid for the plate glass, the eye beams, the ceiling, also paid for putting the ceiling and roof, also paid for a car of cement used in your building. I have tried to settle for my building as they have been figured by the contractors, which is more than any building cost. By accommodating you I have got in this mess. I am paying about $600.00 more than my contract price, and left off some things to get my building put up cheaper, and you have added greatly to the cost of yours. You have already caused some cost to be added, by thinking I will help pay your contract. Your contract with them has nothing to do with mine, and my contract has nothing to do with yours, but you will sure have to pay me for material that went into your house. I will have it figured and send you when I file claim.

"Respectfully, H. W. Attaway."

Attaway further testified that at the time he wrote the letter he did not know what Zauk owed him, and he did not know yet what he owed him, only the things he had sued for, as shown by the itemized account attached to the petition.

The defendant testified that he told plaintiff to pay for the material as it came in for his building: to pay for his part of the labor; that he told him what the contract price was; that he placed a limit for labor and material to be not over the contract price; that the contractor's price was $1,507;

that he placed in the First National Bank, to be drawn on by plaintiff to cover these bills, the sum of $1,642, and that he drew out $1,642, he thinks, and some cents; that plaintiff informed defendant that the contract price had been overdrawn and that defendant instructed plaintiff not to draw any more; that never at any time had defendant authorized plaintiff to use his money to pay for labor and material on plaintiff's building; that he had money there to pay; and that he never at any time told plaintiff to pay for any material with his money, which material was to go into his (defendant's) building.

The case was tried to the courts, which made findings of facts as follows:

"Some time during the early part of 1913, the defendant, B. H. Zauk, erected a store building in the town of Bennington, Okla., and entered into an agreement with plaintiff, H. W. Attaway, who was constructing three buildings at the same time, adjoining the building of the defendant.

"That the said Attaway was to pay for the labor and material used in the construction of the Zauk building. Such labor was performed and material furnished.

"That, when the building would have been completed, they would have a settlement.

"That the defendant, Zauk, placed $1,642 in the bank at Bennington, and this fund was checked on by Attaway.

"That the said Attaway paid for labor and material going into all four buildings out of that fund, and also paid for labor and material going into the four buildings from his own funds.

"That the total amount expended by Attaway for use in the construction of the Zauk (building) was $2,134.44, and the defendant Zauk is entitled to a credit of that amount of $1,642, leaving a balance of $492.44 as the amount which Attaway has expended over and above the amount furnished him by B. H. Zauk, and that H. W. Attaway is indebted to B. H. Zauk in the sum of $102.33 for rent, which is to be set off against the above amount, leaving a balance due of $390, with interest at 6 per cent. from May 1, 1913."

To which findings of fact the defendant excepted.

The court rendered a judgment in favor of plaintiff for the sum of $390, with interest at 6 per cent. from May 1, 1913, and costs of this suit, to which the defendant duly excepted.

Within the time provided by law, the defendant made a motion for a new trial, which was overruled and excepted to, and error prosecuted to this court.

It is earnestly contended by defendant that the judgment of the court is in conflict with its findings of facts, but failed in his brief to point out such conflict. We are unable to see any merit in this contention.

There is but one error argued in brief of defendant, "that the judgment rendered is not supported by sufficient evidence." The evidence in this case is in irreconcilable conflict, but we are of the opinion that there is sufficient evidence to reasonably support the findings of fact found by the court and the judgment rendered.

It is true, the law is as cited by defendant:

"The verdict of a jury must be rendered upon evidence reasonably tending to support the same, and not upon conjecture." Kansas City Southern Railway Co. v. Henderson, 54 Okla. 320, 153 Pac. 872.

But we are unable to see that there is any field of operation in the instant case for said rule of law.

Where the evidence is in conflict in a law case, if there is evidence reasonably to support the judgment rendered, this court will not disturb such judgment. is so well settled in this jurisdiction as not to require the citation of authorities in support thereof.

Finding no error in the record, this cause is affirmed.

The execution of the judgment of the trial court having been stayed by the execution of a supersedeas bond with S. A. Whale and R. D. Neal as sureties, judgment against the said S. A. Whale and R. D. Neal, in the sum of $390, with interest at 6 per cent. per annum from May 1, 1913. and costs. is hereby entered against them and each of them.

By the Court: It is so ordered.