### McEACHIN et al. v. KINKAID.

No. 11179—Opinion Filed Jan. 15, 1924.

Rehearing Denied May 13, 1924.

**1. Limitation of Actions—Effect of Amendment of Petition.**

Where suit is instituted for balance of about $100 due on account, originally of about $10,000 containing various items, for labor done and services performed, and alleging that same was done under the terms of a written contract, and on motion of defendant to make more definite and certain being sustained, plaintiff alleges, by way of amended petition, that certain items that entered into and constituted a small portion of the original account, amounting to about $1,000 were the result of subseqent oral agreement, made covering the same transaction and work, to wit, the building of a levee, but still contending for and claiming the same amount, and the same services as claimed in the original petition, it is such an amendment as is classified under section 318, Comp. Stat. 1921, and the two-year statute of limitation will not run against that portion of the account growing out of the oral agreement because of the fact that the amendment, pleading the oral agreement, was not made until more than two years after the work was done under same, when the original petition was filed in due time and set forth the same services and claimed the same amount as claimed in the amended petition.

**2. Evidence — Pleadings as Admissions — Estoppel.**

The facts concerning the pleadings and amendment thereto, set forth in the above syllabus, do not constitute such an admission against one's interest as will create an estoppel.

**3. Appeal and Error—Presumption — Inclusion of Interest in Verdict.**

Where the person in whose favor a verdict is rendered is entitled to interest and there is nothing in the record from which it can be clearly determined whether or not the jury took into consideration the matter of interest in finding the amount of their award, it will be presumed that they included interest.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by John S. Kinkaid against S. C. McEachin and L. L. McEachin. Judgment for plaintiff, and defendants appeal. Affirmed on condition.

Guy L. Andrews, for plaintiffs in error.

J. S. Arnote, for defendant in error.

Opinion by JONES, C. This case was instituted by the defendant in error, John Kinkaid, against the plaintiffs in error, defendants below, G. C. McEachin and L. L. McEachin, on the 31st day of March, 1914, in the district court of Pittsburg county, Okla. The petition alleges that the plaintiffs in error had, on June 1, 1912, entered into a contract with the city of Sallisaw, Okla., whereby the plaintiffs in error agreed to clear a site for a city reservoir, and to contruct a dam and spillway, and install pump station and pumps and other work in connection with the construction of said plant. And on the same date the plaintiffs in error entered into a contract with one J. F. Arnold and the defendant in error herein, wherein the plaintiffs in error agreed to pay the sum of $35 per acre for clearing the land, and 23 cents per cubic yard for handling the dirt. Defendant in error, Kinkaid, further alleges that he, in connection with his partner, Arnold, agreed to clear the site for said reservoir, and to construct a levee and dam on said reservoir, and to remove all dirt necessary for the construction and completion of said levee.

The defendant in error, Kinkaid, further alleges that he, in connection with his partner, Arnold, performed all the duties incumbent upon them, under the terms of the agreement, and the compensation for their services in the aggregate, amounts to $10,944.52, and the plaintiffs in error have paid on the said amount $9,986.22, leaving a balance due of $958.30, for which amount they pray judgment.

The pleadings further disclose that the defendant in error, Kinkaid, made a satisfactory settlement with his partner, J. F. Arnold, taking over Arnold's interest in said contract. Numerous demurrers and motions were filed by the defendants, plaintiffs in error, one of which, a motion to make more definite and certain, was sustained by

the court, and the defendant in error was required to file an amended petition, in which he alleges that a small portion of the amount claimed in the original petition was for services rendered under an oral agreement made subsequent to the original agreement, in which he agreed to cut a spillway for the bentfit of plaintiffs in error, who were doing some concrete work in connection with the construction of the dam and water system. And further alleges that while no specific agreement was had as to the compensation to be received, it was of the same character of work as that included in the original contract, that of removing of dirt, and that the amount agreed upon in the original contract is a reasonable compensation, and, therefore, prays that he be paid at the rate of 23 cents per cubic foot for the dirt removed from said spillway, and the dirt moved in back-filling said spillway, same having been cut through the area upon which the embankment or the dam was to be built.

The amended petition, which makes mention of the verbal contract, or agreement, under the terms of which the spillway was cut and back filling done, was filed on the 11th day of July, 1916, more than two years after the filing of the original petition, setting up the oral agreement relied on. To which petition and amendment the defendants, plaintiffs in error, filed their answer on July 12, 1916, and generally denied each and every material allegation of plaintiff's petition, except such as were admitted. Specifically deny that they owe the defendant in error, plaintiff below, the amount sued for, and in reply to plaintiff's allegation, concerning the cost of spillway and back filling same, they specifically deny that same was cut under oral agreement, and that the dirt removed therefrom was placed in the dam, and allege that plaintiff has received pay for all dirt put in said levee, and that said Kinkaid and Arnold removed only such dirt and so much thereof from said spillway as they desired to use in the construction of said dam or levee. And further aver that the plaintiff, defendant in error herein, received $71.26 more than was due him. Wherefore, they pray judgment for that amount.

This statement of facts substantially presents the issues in this case, as we glean the issues from the rather voluminous pleadings filed in the case. Plaintiffs in error raise numerous assignments of error in their motion for a new trial and petition in error, but we shall notice only such errors complained of as are presented in argument of counsel, as found in the brief of plaintiffs in error.

The second, third, and fourth assignments of error go to the action of the court, in different forms, in holding that the statute of limitation has no application to the matters complained of by plaintiffs in error, and urge that the items of $445.85, which was the compensation claimed by the defendant in error, plaintiff below, for the services rendered in removing the dirt or cutting the spillway, which, under the terms of an oral agreement, was separate and apart from the principal and the original agreement is barred by the statute of limitation. The contract was made in June, 1912, the suit originally instituted in March, 1914, and the amended petition setting up the oral agreement was not filed until July, 1916, more than three years after the claim was made that the work was done, and more than two years after suit was filed.

Plaintiffs in error take the position that, the defendant in error having formally pleaded in his original petition that this work was done under a contract which the record discloses was a written contract, the amendment setting up the fact that a portion of the amount sued for was the result of an oral agreement was not such an amendment as was authorized by our statutes, and that the two-years statute of limitation had run against that item. They also make the further contention that the allegations of the first petition was an admission that the entire claim sued for was the compensation he was to receive under the terms of a written agreement, and that he is now bound by such admission and is estopped from alleging and proving that a portion of the claim was the result of a different and oral agreement. And they cite numerous authorities in support of their contention, among which we find that of The Lane Implement Company v. L. R. Lowder et al., 11, Okla. 61, 65 Pac. 926, which is a suit by the implement company against Lowder et al., and his bondsmen on a forthcoming bond, given in an attachment case, which had formerly been tried out between The Lane Implement Company and Lowder, in which the implement company obtained judgment for the amount sued for, and in which the attachment was sustained; the judgment neither being paid nor the property attached forthcoming. This suit was instituted on the forthcoming bond. The defendants in that case answered and admitted the commencement of the original suit and attachment, the issuance of the order of attachment, and the seizure of the property thereunder, the execution and de-

livery or the forthcoming bond, and the return of the property to Lowder, defendant in this first suit, and likewise principal and defendant in the suit on the forthcoming bond, and also admitted rendition and existence of the judgment in such case, as pleaded by the plaintiffs, and that the attached property had been by the court ordered sold. Later, the defendant Lowder et al. filed an amended answer in which they averred that the property taken under the attachment was exempt property of the defendant Lowder, and, therefore, the forthcoming bond was given without consideration and void. The court in that instance very properly held that the defendants were bound by the admissions made in their answer, and that they were estopped from interposing the defense, to wit, that the property was exempt, for the reason that would have been a proper defense in the original case, and having been waived by the owner of the property, Lowder or, so far as the records disclose, the issue may have been adjudicated, but no appeal was taken in that case, consequently in either event that issue could not be adjudicated in this case. And numerous other authorities are cited of a similar nature, all of which present an entirely different statement of facts, and a different application of the law from the case at bar. The pleadings, as disclosed by the record in the case at bar, show that the cause of action, as set up in the petition and amended petition, grew out of one and the same transaction, the same kind and character of work was alleged to have been done in the original petition as was alleged to have been done in the amended petition, and the same amount sued for in each instance, and we think the amendment comes clearly within the purview of section 318, Comp. Stat. 1921 (1790, Rev. Laws 1910), which is as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

This statute has been construed by this court in the case of Stone v. Case, 34 Okla. 5, 124 Pac. 960, in connection with section 266, and first and second divisions thereof, Comp. Stat. 1921, which provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any of the following classes: First, The same transaction, or transactions, connected with the same subject of action. Second, Contracts express or implied."

And numerous other authorities are cited construing these statutes, in which there is a general discussion of what constitutes "a cause of action", "a claim," and many other legal phrases, which are difficult of an exact definition, but we think that the facts as they exist in this case comes within the rules laid down in the authorities cited, and clearly authorize the amendment made in this case, and being a proper amendment, under the law, to the original pleading, which was duly filed before the statute of limitation began to run, the statute of limitation would have no application, and the question urged to the effect that the original petition was an admission, containing admissions such as to estop the defendants in error, plaintiffs below, from making and relying on the amendment made, has no application. The pleading complained of was not in fact in the nature of an admission, and was sufficient upon its face to have authorized proof of the claim set forth in the amended petition, and to have authorized the taking of judgment for the same. In the absence of timely objections on the part of defendant, this contention, we think, is upheld in the cases of Culp v. Sterne et al., 47 Kan. 746, 28 Pac. 987; Fort Produce Co. v. Southwestern Grain & Produce Co., 26 Okla. 13, 108 Pac. 386; E. Vanwinkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152.

Plaintiffs in error, in their seventh and eighth assignments of error, complain of the action of the court in admitting and excluding certain evidence. The court excluded the evidence of one witness, Dove, pertaining to the levee, as to whether or not a profit could have been made at a price of 23 cents per cubic yard in moving the earth out of the excavation for the concrete dam, which was placed in the levee, but so far as we are able to determine no such issues as the question of whether or not a profit might be made is raised by the pleadings. Also the exclusion of certain evidence which was offered and tendered to the fact of a partnership existing between J. F. Arnold and the defendant in error, Kinkaid, and likewise this is a matter not brought in issue by the pleading. Furthermore, the record fails to

disclose that any objection was properly taken by either party to the exclusion of such testimony. The sixth assignment of error, which is urged as one of the grounds for reversal of this case, goes to the court's instruction. The record, however, discloses that no proper exception was taken to any of the court's instructions. It appears they were excepted to by the defendants, but the exceptions were not signed by. the court, as provided in section 542, Comp. Stat. 1921 (5003, Rev. Laws 1910):

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction. 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the Judge."

This is a mandatory statute, and has been frequently so construed by our Supreme Court. See Murray Co. v. Palmer, 55 Okla. 480, 154 Pac. 1137. So we pass this assignment of error without further consideration.

The fifth and ninth and 10th assignments of error are grouped by plaintiffs in error in their brief, in which they complain of the amount of the verdict, and seem to be at a loss to know by what manner of means the jury arrived at the exact amount of $721.63 as the amount which the plaintiff in the trial court was entitled to recover, and also complain of and urge, as grounds for reversal, that some time after rendition of the verdict by the jury and after a motion for new trial had been presented, and overruled, and an appeal prayed, the court, on motion of plaintiff in lower court, on the 2nd day of July, 1919, made an order adding to the verdict the words, "together with interest thereon at the rate of six per cent. per annum from the 10th day of December, 1912;" to which action of the court, the defendants objected and excepted.

As to the first question raised, this court will not attempt to enter into any extended discussion of the question of just how juries reach certain conclusions and arrive at certain verdicts. There is no known rule governing the minds of jurors in arriving at verdicts and in reaching agreements among themselves as to what is proper and correct in every given case. But from an examination of the record in this case, we are unable to say that the court was justified in making the additional order, changing the verdict of the jury to include interest on the amount recovered from the time the original contract sued on, was completed. Whether the jury considered this or not, we are unable to say, and the condition of this record is such that we could not make an intelligent guess as to whether they did or did not. This court has said, in the case of Blackwell, Enid & Southwestern Railway Company and St. Louis & San Francisco Railroad Company v. J. J. Bebout, 19 Okla. 63, 91 Pac. 877, in the fourth paragraph of the syllabus.

"Where the person in whose favor a verdict is rendered is entitled to interest and there is nothing in the record from which it can be determined whether or not the jury took into consideration the matter of interest in fixing the amount of their award, it will be presumed that they include interest."

And we are of the opinion that this rule should prevail in this case, and that the court committed error in modifying or amending the verdict of the jury so as to make it read "together with interest." It seems from the record that the court computed interest from the 10th day of December, 1912. The judgment, of course, would draw interest at the rate of six per cent. from the date of its rendition, July 2, 1919. The rule is correctly stated, we think, in the body of the opinion above cited, which is taken from a discussion of the question from the case of St. Louis, El Reno & Western Railway Company v. Oliver, 17 Okla. 589, 87 Pac. 423, wherein the court said:

"In a case tried by jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest, until after verdict, and it is clearly ascertainable from the verdict or uncontroverted facts the date from which to which interest should be allowed, and the rate is fixed the court may make the computation, and add the interest so found to the sum found in the verdict, and render judgment for the aggregate amount."

This rule goes as far as the law will warrant, and we think it unsafe to extend it, and as was said in that case, the case at bar does not come within this rule, the court did not reserve the question of interest from the jury; the question of whether or not the interest was considered by the jury is one of grave doubt, and the question of when and from what date the interest should run is one of fact which should have been submitted to the jury, under proper instructions.

We, therefore, hold that the order of the court, amending the verdict of the jury, and adding thereto with "interest from December 10th, 1912," was reversible error.

In view of the fact that many years have

elapsed since the original trial of this case, and from the character of same, as disclosed by the record, we are loath to reverse this case unconditionally, and will not do so, if the defendant in error, plaintiff below, will, within 15 days after the mandate is handed down, file a remittitur relieving the plaintiffs in error of the payment of that portion of the judgment caused by reason of the modification made by the trial court, in which he added "with interest from December, 10, 1912," and in the event that the remittitur is not filed within the time stated, the case will stand reversed and remanded for a new trial.

By the Court: It is so ordered.