## DICK v. ESSARY.

No. 33404.   March 8, 1949.

*203 P. 2d 715.*

Darnell & Gibson, of Clinton, for plaintiff in error.

Darrah & Cook, of Clinton, for defendant in error.

HALLEY, J.   This action was instituted as one upon "account", an itemized statement of account being made a part of the plaintiff's petition praying for judgment in the sum of $475.52, with interest from August 6, 1946 (the date of filing petition) until paid, at the rate of 6 per cent per annum.   The amount claimed was alleged to be due for labor and services rendered to defendant by plaintiff in baling hay during the 1944 and 1945 seasons. The statement gave defendant credit in the sum of $35 for window frames furnished by him to the plaintiff, leaving a balance due of $448.60, to which accrued interest in the sum of $26.92 was added, making a total due of $475.52.

The defendant answered, denying the correctness of the account in two particulars: He claimed credit for two window frames of the value of $65, and that only 2,660 bales of hay had been baled in 1945, instead of 4,516 bales as alleged in the statement of account.   It was agreed that the price of baling was 10c per bale.

Defendant cross-petitioned for damages in the sum of $980, alleging that plaintiff had breached his contract to

bale the 1945 crop of hay at the agreed time, resulting in damages by rain. The case was tried to a jury, which found for the plaintiff in the sum of $475, from which defendant has appealed. He has grouped his assignments of error under two propositions, as follows:

"(1) That the account sued on is not correct and this is proven by the admissions of plaintiff and also by the testimony which he offered and by which he is bound.

"(2) The item of $26.92 interest on the account was not recoverable and should have been stricken by the court instead of being submitted to the jury."

It is contended that the account sued upon is not correct as to the number of bales processed in 1945, under testimony offered by the plaintiff and by which he is bound. The plaintiff testified in his own behalf that he baled a total of 4,516 bales for the defendant in 1945, and that none of it had been paid for. Defendant contends that the account is incorrect, because Perry Keller, a witness called by the plaintiff, testified that in 1945 the plaintiff baled some 1,750 bales upon the defendant's farm for the account of the T. B. Sanitarium, for which the State of Oklahoma made payment. Nunley Humphrey, called by the plaintiff, testified that he helped operate the baler in 1945, and that they baled hay on the defendant's farm about May, 1945, for the Sanitarium. The defendant testified that the plaintiff baled the first cutting of alfalfa on defendant's farm in 1945, but only 1,133 bales for the Sanitarium. It is not shown by any testimony that the 4,516 bales claimed to have been baled in 1945 includes the first cutting of the alfalfa which was baled for the Sanitarium in the early part of the 1945 season.

The issue as to the number of bales processed in 1945 was found against the defendant by the jury, and we cannot say that the verdict on this point is not reasonably supported by the evidence.

The rule has been announced many times by this court that where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its rulings, the verdict and the finding of the jury is conclusive upon appeal. Taylor v. Star, 109 Okla. 135, 234 P. 756; Zauk v. Ataway, 73 Okla. 271, 176 P. 216.

It is contended by the defendant that the item of $26.92 interest charged against him in the account sued upon was not recoverable and should have been stricken instead of being submitted to the jury in instruction No. 2, to which he accepted.

In support of this charge of interest prior to the date of judgment, the plaintiff cites the case of Dunham v. Holloway, 3 Okla. 244, 41 P. 140. In that case the itemized account sued upon set out each item of the account and the exact date when each item was due. It thus became somewhat of the nature of an "account stated". So far as is shown in the opinion in that case, there was no dispute as to the amount due and the exact date when each item fell due.

The general rule relative to interest on accounts is announced in 47 C.J.S., sec. 16, p. 26, as follows:

"As a general rule, interest is allowed on accounts which have become settled and liquidated, but not on running accounts which are open and unliquidated. . . ."

In Gasper v. Mayer, 171 Okla. 457, 43 P. 2d 467, it is said in the body of the opinion, relative to liquidated demands or claims:

"The questions then arise, What is meant by the term 'liquidated claim', or 'liquidated debt', as those terms are used by the courts? And, Is a final judgment of a court of record for a fixed sum a liquidated claim?

" 'Liquidated account' has been defined to be 'one the amount of which

is agreed upon by the parties or fixed by operation of law.' 2 Bouv. Law Dict. 261. And in the same volume, at page 263, a 'liquidated debt' is defined: 'A debt is such when it is certain what is due and how much is due.' "

It cannot be claimed that the account sued upon in this case was liquidated, or that it was due upon an exact date. No agreement as to the due date was claimed by either party. The number of bales processed in 1945 was in dispute, as was the credit due the defendant for window frames. He claimed that any amount due by him for baling hay was more than offset by his claim for damages for breach of contract, which resulted in damage by rain.

It must be concluded that the demands of both parties were clearly unliquidated and that no interest should have been allowed prior to judgment fixing the amount due.

In the petition, interest is prayed for "from August 2, 1946, until paid", and in the amount sued for there was included an item of accrued interest in the sum of $26.92, being 6 per cent per annum on $448.60 from about the date when the last hay was baled in 1945 until the date of filing the petition in 1946. From the date of filing suit, August 6, 1946, to the date of the judgment, May 28, 1947, no interest was recovered. If interest was recoverable from the date when the last services were rendered until suit was filed, then certainly it would be recoverable from the date of filing suit until the date of judgment.

The inclusion of an item of accrued interest in the sum that might be recovered under the court's instruction No. 2 appears to have been an inadvertent error on the part of the trial judge. This item was not objected to by the defendant until he filed his motion for new trial, although he had excepted to instruction No. 2, which instructed the jury that upon certain findings they might award to the plaintiff a sum which included the item of interest, and such exception was presumably taken, because instruction No. 2 so advised the jury.

The plaintiff called our attention to the case of Jones v. Cabaness, 185 Okla. 175, 91 P. 2d 83, in which it was held that this court will not consider the sufficiency of evidence to sustain the verdict of a jury in the absence of a demurrer, to all the evidence or a request for a directed verdict. The defendant did not comply with this rule, but the question of whether or not interest is recoverable upon an account or claim under contract prior to judgment, is a question of law to be decided by the court. It is clear that the court erred in instructing the jury that they might find for the plaintiff for a sum which included interest accrued prior to the date of judgment. For this reason, the judgment should be modified by deducting from the amount recovered the sum of $26.92; and as so modified, the judgment is affirmed.