MAYOR v. WEAVER.

No. 35290.   Nov. 25, 1952.

*250 P. 2d 844.*

Ernest R. Brown, Jr., Pryor, and Fred W. Martin, Wagoner, for plaintiff in error.

Wilkerson & Wilkerson, Pryor, for defendant in error.

GIBSON, J.   This action was commenced by Theodore Weaver, plaintiff (defendant in error on this appeal), against several defendants on September 20, 1946. A demurrer to the original petition was sustained and thereafter plaintiff filed a first amended petition naming O.D. Mayor and W. A. Collins as defendants. In the trial the court sustained a demurrer to the evidence, interposed by defendant Collins. A jury returned a verdict against defendant O. D. Mayor for the sum of $1,750. On May 7, 1951, the trial court

rendered a judgment on the verdict for $1,750, together with interest thereon at 6% per annum from March 28, 1946, and costs. Defendant appeals.

The sole question presented on appeal is that the trial court erred in rendering judgment for interest on the amount awarded by the jury for the designated period of time prior to the verdict.

Plaintiff alleged that he purchased, by oral agreement with defendant, nine small tourist cabins, and that on March 28, 1946, he paid defendant the sum of $1,950 for the cabins and received a bill of sale; that defendant represented that he was the owner thereof and had a right to sell the cabins and that if any question arose concerning defendant's title he would refund the purchase price to plaintiff and save him harmless. Plaintiff says that he relied implicitly on the integrity of defendant and believed the representations of defendant to be true, and was thereby deceived. It is further alleged that ownership of the cabins was thereafter claimed by Rosa Brown, administratrix of the estate of Bob Hanna, and thereupon he made demand upon defendant Mayor, for return of the purchase price, which demand was refused, and plaintiff prayed judgment for $1,950 with 6% interest from March 28, 1946.

In his testimony defendant, Mayor, asserted that he was acting as the agent of Mrs. Bob Hanna, the widow of Bob Hanna, deceased, in the sale of the cabins to plaintiff, and further that plaintiff paid him but $1,750 for the cabins.

By its verdict it is apparent that the jury found that plaintiff paid the sum of $1,750 to defendant and that the defendant warranted the title to the cabins and agreed to refund the purchase price if the title proved defective.

In the instructions given the trial court did not submit the question of interest to the jury nor did the court specifically reserve that question.

Defendant relies upon Blackwell, etc., Ry. Co. v. Bebout, 19 Okla. 63, 91 P. 877, wherein it was held:

"The judgment of the court must follow the verdict, and where the verdict is general and for a sum in gross and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury."

Defendant cites Wyant v. Beavers, 63 Okla. 68, 162 P. 732, and McEachin v. Kinkaid, 99 Okla. 123, 225 P. 951, as following the rule of the Bebout case.

Application of the rule announced in such cases depends upon the factual situation of each case where the rule would be applied. A different rule applies where it is made to appear that plaintiff is entitled to interest as a matter of law or contract and where the amount due him and the date of defendant's obligation to pay are established as definite and certain.

As early as 1906, the Territorial court, in St. Louis, etc., Ry. Co. v. Oliver, 17 Okla. 589, 87 P. 423, in an opinion by Chief Justice Burford, said:

"The foregoing authorities seem to support a rule founded in reason and justice, and one which can result in no injury to any one. Where it is clearly apparent from the verdict, or the verdict and instructions of the court, that the jury did not in the assessment of the amount of the recovery include interest, and it is further clearly apparent that the party recovering is entitled to interest in addition to the amount stated in the verdict, and the rate is fixed by law or made certain by the terms of the contract, and the date from which and to which interest should be computed is clearly and unquestionably ascertainable from the face of the verdict or from uncontroverted facts of record, the court may lawfully compute or calculate the interest, and add such sum to the amount allowed by the jury, and render judgment for the aggregate sum."

466

The rule of the Oliver case has been consistently followed. Wallingford v. Alcorn, 75 Okla. 295, 183 P. 726; Whale v. Rice, Adm'x, 173 Okla. 530, 49 P. 2d 737; Fletcher v. Allen, 195 Okla. 307, 157 P. 2d 452; Lea, Adm'x, v. American Nat. Bank of Pryor Creek, 199 Okla. 360, 186 P. 2d 321.

It remains to determine, from the facts presented, which rule applies in the instant case.

It is admitted that on a date certain, March 28, 1946, plaintiff paid to defendant a sum of money as the purchase price of the cabins. The jury decided that the sum was $1,750. The jury refused to follow the defense that defendant was acting as agent for another, and therefore found that the defendant had breached his contract of sale. Clearly plaintiff was entitled to interest, at the legal rate of 6%, on the sum paid to defendant. 23 O.S. 1951 §30 provides that upon a breach of a contract for sale of personal property, where the price has been fully paid in advance, the measure of damages is deemed to be the same as in the case of wrongful conversion, and §64 of the same title provides that in case of wrongful conversion of personal property it shall be the value of the property at the time of conversion with interest from that time.

The value of the res, here involved, was either $1,950, as contended by plaintiff, or $1,750, as contended by defendant. The amount was definitely one or the other and could have been no other sum. When the jury determined that sum to be $1,750 it is apparent that the jury did not consider or allow interest to which plaintiff was entitled. The amount of the interest was subject to calculation from admitted facts.

We hold that in a case tried to a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict to be due, and it is unquestionably clear that the jury allowed no interest, and where the date from which interest

should be allowed is clearly ascertainable from the record or the admitted facts and the rate of interest is fixed by law or contract, it is the duty of the trial court to allow the earned interest in rendering a judgment on the verdict.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.