Daisy D. **BLANKENSHIP**, Appellant,

v.

Maxwell **ROWNTREE**, Appellee.

No. 5328.

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1956.

J. B. Dudley and John B. Dudley, Jr., Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellant.

Gordon F. Rainey, Oklahoma City, Okl. (Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

This was an action instituted by Maxwell Rowntree against Daisy D. Blankenship, individually and as executrix of the estate of G. T. Blankenship, deceased, to recover judgment for services rendered and expenses incurred pursuant to an alleged oral contract of employment. The action was dismissed as to the defendant in her capacity as executrix. The defendant in her individual capacity denied the making of the alleged contract and denied that she was indebted to plaintiff in any sum. A verdict was returned for plaintiff; judgment was entered upon the verdict; and on appeal, the judgment was reversed and the cause remanded, 10 Cir., 219 F.2d 597. On the second trial, a verdict was returned for plaintiff; judgment was entered for the amount of the verdict, less an offset in the amount of the costs incurred on prior appeal; and the defendant appealed. Continued reference will be made to the parties as plaintiff and defendant, respectively.

The judgment is challenged upon the ground that there was no substantial evidence to show that the parties entered into the contract of employment relied upon by plaintiff. The evidence presented sharp conflicts. Plaintiff testified without condition or qualification that the parties entered into an oral contract of employment; that it was agreed in such contract that his compensation should be $50 per day; that it was further agreed that he should be paid his expenses, estimated at $20 per day; and that he worked for the defendant from January 14 to September 18, 1952. Defendant testified categorically that no such agreement was ever entered into. It would not serve any useful purpose to detail the other evidence in the case. It is enough to say that some of it tended to corroborate the testimony of plaintiff and some to corroborate that of defendant. But in the trial to a jury of the conventional action at law, it is the province of the jury to observe the witnesses while testifying, to appraise their credibility, to weigh their testimony, to draw reasonable inferences from the established facts, to resolve conflicts in the evidence, and to determine the ultimate question

or questions of fact upon which the outcome of the case depends. And on appeal, the scope of review respecting the facts is limited to determining whether there was substantial evidence to support the verdict. Guided by that general rule, we are unable to share the view that there was any lack of substantial evidence to show that the parties entered into the alleged contract of employment.

■ The further contention advanced for reversal of the judgment is that there was no substantial evidence to show the amount of the expenses which plaintiff claimed to have incurred. Recovery of expenses cannot be had if there is substantial doubt or uncertainty as to whether plaintiff incurred any expenses. But recovery of expenses may be had where the evidence makes it certain that plaintiff incurred recoverable expenses in some amount even though there may be some uncertainty in respect to the exact amount thereof. It is not essential to the recovery of expenses that the proof show the exact amount thereof with absolute certainty. It satisfies the requirements of law in respect to amount if the evidence is sufficient to enable the court or jury to arrive at a fair and reasonable approximation thereof. It is conceded in the brief of the defendant that the verdict of the jury was for 246 days at $70 per day. Plaintiff did not keep any books or records of his expenses and he did not submit an itemized statement of them. As already indicated, plaintiff testified in positive terms that it was mutually agreed between the parties that his compensation for services should be $50 per day and that he should be reimbursed for his expenses, estimated at $20 per day. And he further testified that he worked from January 14 to September 18, 1952; that he lived at a hotel in Oklahoma City; that he made numerous trips to points in Texas, New Mexico, and Oklahoma in connection with the business of the defendant; that he paid all of his expenses; that during the time in question he was not doing anything other than work for the defendant; and that he was out of pocket about $6,000 in cash. We think the evidence together with the inferences fairly to be drawn from it was sufficient to enable the jury to reach a reasonably fair approximation of the amount of expenses incurred by plaintiff.

■ The substance of the further contention is that the court erred in refusing to permit counsel for the defendant to argue to the jury that should a verdict be returned for the defendant, plaintiff could maintain an action in quantum meruit to recover the reasonable value of the services which he rendered and the reasonable expenses incurred in connection with the rendering of such services. Upon objection being interposed to such argument, the court expressed the view that if plaintiff failed to recover in this action, he could not maintain an action in quantum meruit. Counsel for the defendant asked to withdraw his statement made to the jury and requested the court to instruct the jury not to consider it. And the court did instruct the jury not to consider the statement of counsel or that of the court. There is no need to explore the question whether the observation of the court that in the event plaintiff should fail to prevail herein he could not maintain an action in quantum meruit was an incorrect statement of law as it is manifest that any error arising out of the making of such observation was cured by the instruction of the court that the jury disregard both the argument of counsel and the observation of the court.

■ Error is predicated upon the action of the court in awarding interest upon the judgment from the date on which the employment of plaintiff terminated. The argument is that the existence of the alleged contract of employment was denied; that the amount asserted to be due was unliquidated; and that therefore the allowance of interest prior to judgment was without warrant in the law. The contract was entered into in Oklahoma and was to be performed primarily in that State, and therefore the question whether the claim was an

unliquidated one upon which interest could not be allowed prior to judgment must be determined by reference to the law of Oklahoma. Ottinger v. United States, 10 Cir., 230 F.2d 405.

■ It is the well established general rule of long standing in Oklahoma that interest is not allowed on an unliquidated claim prior to judgment. City of Chickasha v. Hollinsworth, 56 Okl. 341, 155 P. 859; Speed v. McMurray, 73 Okl. 325, 176 P. 506; Essley v. Mershon, Okl., 262 P.2d 417; Champlin Refining Co. v. Phillips Petroleum Co., Okl., 269 P.2d 993; Robberson Steel Co. v. Harrell, 10 Cir., 177 F.2d 12; Chisholm v. House, 10 Cir., 183 F.2d 698. A typical case in which the rule has appropriate application is one for the recovery of damages where a verdict or finding is necessary in order to ascertain and fix the amount due. But it is not applicable in instances in which the right to recover vests at a particular time and the amount due is capable of being ascertained with reasonable certainty. Blackwell Oil & Gas Co. v. Mid-Continent Petroleum Corp., 182 Okl. 588, 79 P.2d 227; Independent School District No. 65, Wagoner County v. Stafford, 208 Okl. 542, 257 P.2d 1092.

■ Plaintiff relied upon an express contract of employment in which the parties mutually agreed that his compensation should be at the rate of $50 per day, and he asserted that pursuant to such contract he worked for plaintiff a certain number of days. While the contract was verbal rather than written, the compensation was expressly fixed, and the number of days worked was capable of ascertainment with reasonable certainty. Therefore, upon the return of the verdict finding in effect that the parties did agree upon the rate of compensation, that plaintiff did work a certain number of days, and that his employment terminated at a certain time, the court properly allowed interest from the time the employment ceased. Abraham v. Stewart Bros. Cotton Co., 165 Okl. 73, 24 P.2d 992; Blackwell Oil & Gas Co. v. Mid-Continent Petroleum Corp., supra;

Mayor v. Weaver, 207 Okl. 464, 250 P.2d 844; Independent School District No. 65, Wagoner County v. Stafford, supra. The case of Dick v. Essary, 201 Okl. 196, 203 P.2d 715, on which defendant places strong reliance, is distinguishable. There, plaintiff sued upon an itemized statement of account. Two items in the account were in controversy. One item was for baling 4,516 bales of hay in 1945 on the farm of the defendant at ten cents per bale. The defendant challenged the item on the ground that only 2,660 bales were processed for him and that the baling in excess of that number was done for a sanitarium. And there was evidence tending to sustain his contention but the verdict of the jury was against him on the issue. The other item in controversy was a credit in the sum of $35 for window frames furnished to plaintiff. The defendant claimed credit for window frames of the value of $65. The trial court allowed interest prior to entry of the judgment. On appeal, it was held that since the number of bales processed for the defendant and the amount of the credit for window frames were both in dispute, the claim was unliquidated and therefore the award of interest prior to judgment was not warranted. A decisively different situation is presented here.

■ Finally, it is contended in the alternative that in the event it should be determined that an award of interest prior to judgment was proper, no interest should have been allowed during the pendency of the prior appeal. It is the general rule in Oklahoma that the question whether interest is suspended pending appeal is to be determined very largely by the character of the case and the result of the appeal. Harden v. Harden, 191 Okl. 698, 130 P.2d 311; Vilbig Construction Co. v. Whitham, 201 Okl. 86, 201 P.2d 922; M. E. Trapp Associated v. Tankersley, 206 Okl. 118, 240 P.2d 1091. Error on the part of plaintiff in introducing in evidence a writing which was not admissible brought about the reversal of the first judgment. The reversal vindicated the defendant in her

contention that the document should not have been admitted in evidence. To permit plaintiff now to recover interest for the period intermediate the rendition of the first judgment and the reversal of such judgment on appeal would allow him to profit by an error on his part which brought about the delay, and that would be inequitable and unjust.

The judgment is modified by eliminating therefrom interest for the period which intervened between the rendition of the first judgment and the reversal of such judgment on appeal; and as thus modified, the judgment is affirmed.