928

DANZAS, LTD., Plaintiff,

v.

NATIONAL BANK OF ALASKA,
Defendant.

No. A-49-61.

United States District Court
D. Alaska.

Feb. 26, 1964.

George J. Toulouse, Jr., Wettrick, Toulouse, Lirhus & Hove, Seattle, Wash., and Stanley J. McCutcheon, Anchorage, Alaska, for plaintiff.

1. Interest on B/L and draft No. 7 from May 17, 1960, until the date of judgment, at 6% $2,464.08; plus interest on B/L and draft No. 9 from June 21, 1960, until the date of judgment, at 6%, $5,965.47.

2. See 47 C.J.S. Interest § 19, subd. b, p. 30; Anno. 96 A.L.R. 18, 74; First Nat. Bank v. Felker, 185 F. 678, aff'd (C.A.

Ronald G. Benkert, of Groh & Benkert, Anchorage, Alaska, for defendant.

HODGE, Chief Judge.

On October 24, 1963, this court rendered an opinion (222 F.Supp. 671) holding the defendant bank liable to plaintiff as for conversion upon two collection letters with bills of lading and sight drafts attached sent to the defendant bank for collection, in which the court concluded that interest upon the judgment may not be allowed except after judgment upon the principle that under Alaska law interest may not be allowed on unliquidated claims. Judgment was entered accordingly on October 25, 1963, upon which an appeal has been taken to the Circuit Court of Appeals for the Ninth Circuit. Plaintiff has moved to amend the judgment to provide for interest from the date of conversion on both drafts, computed at a total of $8,429.55 to the date of judgment.[1]

Upon further consideration of this matter and review of pertinent or comparable authorities [2] I have concluded that such holding as to interest was in error; that is, that under circumstances such as this case the claims of plaintiff were liquidated and determined upon the dates of conversion, and that such interest should be allowed, the cases of Columbia Lumber Co. v. Agostino, 184 F.2d 731, 13 Alaska 34, and Chirikoff Island Cattle Corp. v. Robinette, Alaska, 372 P.2d 791 not being applicable.

The Clerk is therefore directed to enter an amended judgment allowing interest as prayed for, together with interest from the date of judgment as provided by law.

8) 196 F. 200; Felder v. Reeth, (C.A. 9) 34 F.2d 744, 97 A.L.R. 244; New York Alaska Gold Dredging Co. v. Walbridge, (C.A.9) 38 F.2d 199; Hansen & Rowland v. C. F. Lytle Co., (C.A. 9) 167 F.2d 170; Blankenship v. Rowntree, (C.A.10) 238 F.2d 500; Soby v. Johnson, (C.A.9) 270 F.2d 193; Abrams v. Rushlight, 157 Or. 53, 69 P.2d 1063, 111 A.L.R. 1292.