**CITY OF BRAZIL, Indiana,**
**Defendant-Appellant,**

v.

**Clifton SMITH, Plaintiff-Appellee.**

**No. 1–980A232.**

Court of Appeals of Indiana,
First District.

May 14, 1981.

Rehearing Denied June 16, 1981.

David D. Haynes, Brames, Bopp & Haynes, Terre Haute, for defendant-appellant.

Harry A. Siamas, Don C. Schmidt, Crawfordsville, for plaintiff-appellee.

ROBERTSON, Judge.

The City of Brazil appeals the judgment, at a trial by the court, which awarded damages of $13,105, plus interest, to the plaintiff, Clifton Smith, for work done in clearing snow from the City's streets during December, 1973, and January, 1974.

We affirm.

Heavy snowfall created an emergency situation in Brazil during late December, 1973, and early January, 1974. The Mayor contacted Smith, among others, to assist in snow removal because the City did not have the equipment to perform the task. Smith understood that he would be paid for his services and was assured by the Mayor that he would be paid, having specifically requested such assurances when the bill was approximately $7500.00. Additionally, the Mayor observed the work as it was being done "99% of the time." There were no limits placed on the number of hours Smith's crew was to work or on the amount to be charged. Smith completed the requested work on January 7, 1974, and submitted a bill of $15,105 for his services. The City paid Smith $2,000 of this amount in late January, 1974. Smith subsequently attended a meeting, which included the Mayor and the Common Council, where he was told he would be paid the balance of the bill in approximately thirty days. Payment was never made and Smith initiated this action based on two theories, one being breach of an oral contract and the other quantum meruit. The trial court entered a general judgment for Smith and awarded damages of $13,105, the unpaid balance of Smith's bill.

The City argues that any contract between it and Smith was void for failure to comply with statutory requirements. The City also challenges the damages awarded arguing that insufficient evidence was presented concerning the value of Smith's services and his expenses.

The City, however, does not challenge the trial court's decision on the theory of quantum meruit. Because of this alternative theory to support the trial court's judgment, we are presented with no issue for review concerning the City's liability to Smith. Ind. Rules of Procedure, Appellate Rule 8.3.

The City's argument that the evidence was insufficient to support the damage award is predicated on the fact that the trial judge requested Smith to furnish some evidence of his payroll records in addition to the evidence presented at trial. From this request, the City concludes that the evidence was insufficient to support the damages. Apparently, the requested records were never produced.

Our standard of review for this issue is familiar:

In determining whether a judgment is supported by sufficient evidence, this Court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, this Court views only the evidence most favorable to the appellee, together with all logical inferences flowing therefrom. In addition, it is only where the evidence leads to but one conclusion and the trial court has reached an opposite conclusion, that its decision will be disturbed as being contrary to law.

Dubreuil v. Pinnick, (1978) Ind.App., 383 N.E.2d 420, 421. (Citations omitted).

Although the trial judge may have desired further clarification, this does not inherently mean that the evidence was insufficient. Our review shows that Smith did submit itemized bills to the City indicating the dates his crew worked, the hours they worked, the type of equipment employed, and the hourly rates charged, in addition to his testimony. There was a close correlation between the hourly rates the Mayor felt were reasonable and the

rates Smith charged. There was no dispute about the type of equipment employed. The real disputed issue was the number of hours worked. Although the City disputed the hours worked, they presented no detailed contrary evidence. We think the evidence presented was sufficient to support the damages awarded.

Judgment affirmed.

RATLIFF, J., concurs.

YOUNG, P. J. (sitting by designation), dissents with opinion.

YOUNG, Presiding Judge, dissenting.

I dissent.

I am convinced that under IC 18–1–6–8 there should be no recovery in the instant suit. The statute is plain and unambiguous and condemns as void any attempt to bind the municipality in the absence of an appropriation. Those dealing with the city in the face of such statutory law do so at their peril and it is unimportant that the parties may seemingly have acted in good faith. Recognition of plaintiff's right of recovery on the doctrine of quantum meruit is but a method of invalidating the statute in question. Such equities as surround plaintiff must, under the circumstances, yield to the plain statutory provisions. Moreover, there is a much broader equitable basis for denying than for permitting recovery. The statute is for the general welfare and protection of the public and particularly the taxpayers of the municipality. To brush the same aside and permit recovery on some supposed basis of "services rendered" leaves the public without the protection conferred by the legislature.

The statute here prohibits any officer or employee of a city from binding the city on any contract or in any other way and makes absolutely void "all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations * * *." It will thus be seen that implied as well as express agreements to pay for services rendered beyond the sum appropriated are condemned by the act.