The BOARD OF PUBLIC WORKS OF the CITY OF HAMMOND, INDIANA, Appellant-Defendant,

v.

L. COSBY BERNARD AND COMPANY, Appellee-Plaintiff.

No. 4–981A131.

Court of Appeals of Indiana, Fourth District.

May 27, 1982.

Robert G. Berger, Hammond, for appellant-defendant.

Joseph L. Skozen, Munster, for appellee-plaintiff.

CONOVER, Judge.

The Board of Public Works of the City of Hammond appeals a Lake Superior Court summary judgment for unpaid architects' fees amounting to $84,796.18. The trial court, after reviewing the Board's contract with L. Cosby Bernard and Co. for architectural services and after a hearing, concluded no material issues of fact were in dispute. The court found the Board liable under the contract for the services provided to the City and entered judgment accordingly.

## ISSUES

The substance of the issues presented for our review is 1) whether the architects' contract obligated the City to pay fees in excess of the amount appropriated by the Common Council and 2) whether the City acted in a manner which subjected it to liability for the services rendered, regardless of the contract.

## SUMMARY OF THE FACTS

In 1972 the Board of Public Works, consisting of the City Engineer, the City Attorney and the City Controller, contracted with L. Cosby Bernard and Co. for architectural services necessary for the construction of an employees' restroom, locker room, administration center, garage and maintenance shops. The architects' fee was to be 6.5 percent of the total construction cost with payment due "after sale of bonds or approved appropriation."

Upon completion of the schematic design and development phases of the project in 1975, the architects submitted a claim and were paid $31,850. On July 1, 1976, the Board reviewed the preliminary drawings and authorized preparation of the final construction documents. The estimated cost was about $1.5 million. However, after learning the City could apply for federal funds, the City Engineer instructed the architects to prepare final construction documents for a more elaborate and more expensive facility, incorporating the ideas and suggestions of the engineer, the mayor, the city planner and various city department heads. The mayor used these materials as part of the City's application for federal funds.

Whether the Common Council and the Board of Works were informed of the changes in the scope of the construction or whether either body authorized the application for the federal grant are matters in dispute. While the record indicates no formal or public discussion of the changes ever occurred, the City's pre-application for federal assistance bears the mayor's certification of his belief the pre-application process was "duly authorized by the governing body." Regardless, it is clear the Common Council did not appropriate sufficient funds to pay architects' fees for a project exceeding $1.5 million in cost.

In April 1977, the City paid a second claim by the architects for $52,312.25, ex-

hausting the appropriation and bringing the amount paid in fees to more than $84,000, an amount which would have been sufficient had the construction estimate remained at $1.5 million. In July 1977, however, the architects submitted a claim for an additional $84,796.18, reflecting the increase in the amount due because of the project expansion. The City Controller refused to approve the claim and the architects sued. The trial court granted the architects' motion for summary judgment and the Board appealed.

### DISCUSSION

The City Engineer testified he was empowered to act as coordinator of the construction on behalf of the Board of Works, of which he was a member. However, there was no evidence that anyone was authorized to spend city money without a prior appropriation. Ind.Code 36-4-8-12(b) is unambiguous in its condemnation of any attempt to bind a municipality in the absence of an appropriation:

"A city department, officer, or employee may not obligate the city to any extent beyond the amount of money appropriated for that department, officer, or employee. An obligation made in violation of this section is void."

If funds are necessary for professional services in advance of an appropriation, Ind. Code 19-8-3-1 provides a method for accomplishing this:

"Contracts for professional services for planning public works—Valid without appropriation—Fees from future fund.— When any public building or any other public work or improvement of any character whatsoever is proposed to be constructed, erected, installed, altered or repaired at the expense of any county, city, town, township, school corporation, municipal utility, municipal sewage works, special taxing district, or political subdivision, commission, board, or other public body, or petitioners, and the governing body thereof determines by a two-thirds [⅔] vote thereof at an official meeting, that it is expedient and in the best public interest to employ professional engineering, architectural, or accounting services for the planning and financing of such public work and the preparation of plans and specifications therefor, then the limitations and restrictions in the general laws with respect to invalidity of contracts without an appropriation therefor, payment of fees solely from the proceeds of bonds or assessments when and if issued, and payment of fees solely from a special fund or funds to be provided in the future, shall not apply to contracts for such professional services to the extent that such limitations and restrictions might otherwise prevent the payment of fees for services actually rendered pursuant to such contracts or affect the obligation to pay such fees."

The record provided no indication of a vote by a governing body to authorize this exception to the general laws invalidating contracts without financial support in an appropriation, bond issue or special fund.

Moreover, the contract between the parties required a bond sale or an appropriation. An addendum to Article 6 provided in part: "Payments by Owner shall be made ... after sale of bonds or approved appropriation." The addendum reflects the decision that it was not in the best interests of the public to waive the limitations and restrictions in the general laws with respect to invalidity of contracts without an appropriation as provided in Ind.Code 19-8-3-1. Any expansion of the project which caused an expense of funds exceeding those available necessarily required action by the Common Council, either in the form of a vote under Ind.Code 19-8-3-1 or an appropriation sufficient to bring the added expenditures within the binding power of the contract. Since that was not done, we find the contract did not bind the City to an obligation incurred by city officials in excess of the appropriation.

Such a finding, however, is not to say the City is free to escape payment for any services it actually requested or ratified. *City of Brazil v. Smith*, (1981) Ind.App., 421 N.E.2d 4; *Heeter v. Western Boone County*

*Community School Corp.*, (1970) 147 Ind. App. 153, 259 N.E.2d 99.

Although the alternate theory of quantum meruit was not pleaded in the original complaint or affidavits, it was a prominent theory at the hearing on the motion for summary judgment. Evidence in that hearing most favorable to the appellant indicated the mayor and at least a majority of the Board of Works knew of the expansion of the project and informally approved of the request for additional architectural services and the use of those services for federal grant application purposes. Since the trial court found the architects' fees due under the contract, it did not decide the merits of any alternative theory raised by the evidence and the arguments. But because we hold the contract ineffective to obligate the City to charges in excess of appropriation, we necessarily address the question of whether the trial court should now consider the question of quantum meruit.

■ It is long-standing law in Indiana that despite the invalidity of a contract, a city may be liable to pay the actual value of what it has received and enjoyed. *Schipper v. City of Aurora*, (1889) 121 Ind. 154, 22 N.E. 878; *Boyd et al. v. Black School Township*, (1890) 123 Ind. 1, 23 N.E. 862. The testimony in this case discloses the architects performed a number of valuable services which were used by the City to apply for a federal grant. Whether this was done with the knowledge and approval of the City's governing body is a material fact in dispute and one which could be critical to the resolution of this case.

■ In *Rieth-Riley Construction Co. v. Town of Indian Village*, (1966) 138 Ind.App. 341, 214 N.E.2d 208, and again in *Heeter v. Western Boone County Community School Corp.*, supra, this court noted that when certain salient facts are proven, recovery in the absence of a valid contract is possible.

1. There must be proof that services were rendered in favor of the municipal corporation in question.

2. Such services were rendered with the full knowledge of the governing body of such municipal corporation.

3. The governing body of such municipal corporation knowingly accepted the benefits of such services.

4. The purported contract for such services was not wholly beyond the scope of the municipal corporation's powers.

Where these facts are established, justice demands the provider be compensated for the reasonable value of his services.

■ The architectural services for which the $84,796.18 claim was submitted were accomplished to permit the City to apply for federal funds. If that application submitted by the mayor was completed with the knowledge and approval of the Common Council, was used for the benefit of the City and was within the scope of the City's powers, then the architects have a valid cause of action against the City suitable for resolution by the trier of fact.

Accordingly we reverse the trial court's summary judgment and remand for further proceedings on the question of liability under the theory of quantum meruit.

BUCHANAN, C. J. (sitting by designation), and MILLER, P. J., concur.