The **BOARD OF PUBLIC WORKS, CITY OF HAMMOND, Indiana,** Defendant–Appellant,

v.

**L. COSBY BERNARD AND COMPANY, Plaintiff–Appellee.**

No. 64A03–8708–CV–219.

Court of Appeals of Indiana, Third District.

Sept. 12, 1988.

---

Richard P. Komyatte, Thomas B. Felix, Komyatte & Freeland, P.C., Highland, David W. Weigle, Hammond, for defendant-appellant.

Stephen M. Maish, Maish & Mysliwy, Hammond, for plaintiff-appellee.

GARRARD, Presiding Judge.

The Board of Public Works of the City of Hammond (City) appeals from a judgment in favor of L. Cosby Bernard and Company (Bernard). The only issue is whether the trial court's prejudgment interest award is contrary to law. We affirm.

In 1972, L. Cosby Bernard and Company contracted with the City to provide architectural services on a city project. The contract provided that the company was to receive a percentage of the total construction cost with payment being due after the sale of bonds or approved appropriation. The common council appropriated funds for the project but a subsequent expansion caused the funds to be exhausted prior to July 15, 1977, when the company submitted a claim for $84,796.18. This claim was based upon the increase in construction cost caused by the project's expansion. When the City refused to pay this claim, the company filed a complaint alleging breach of contract. The trial court granted summary judgment in favor of the company on its breach of contract theory but this court reversed that decision on May 27, 1982 because the "contract did not bind the City to an obligation incurred by city officials in excess of the appropriation." *Board of Pub. Works v. L. Cosby Bernard & Co.* (1982), Ind.App., 435 N.E.2d 575, 577. The case, however, was remanded to the trial court for a determination of whether the City was liable under quantum meruit, an alternative theory of recovery which had been argued at the hearing on the motion for summary judgment but which had not been the reason for granting the motion. *Id.* at 578.

Following a trial upon the quantum meruit theory, the trial court awarded the company $110,139.94 and $85,625.51 in prejudgment interest. The interest award was based upon the statutory rate of eight percent which the trial court applied from July 15, 1977, the date the company filed its claim with the City, to April 3, 1987, the date judgment on the quantum meruit theory was entered.

The City contends that the company was not entitled to prejudgment interest prior to May 27, 1982, the date this court reversed the summary judgment, because the company caused the delay in obtaining a valid judgment by erroneously relying upon a breach of contract theory.[1] The City primarily relies upon *Blankenship v. Rowntree* (10th Cir.1956), 238 F.2d 500, in support of its proposition that interest should have been suspended during the pendency of the first appeal in this case. In *Blankenship*, the original judgment was reversed because of the inadmissibility of a written document which the plaintiff introduced into evidence. In holding that prejudgment interest should not have been awarded during the pendency of the intervening appeal, the court stated:

> However, *see, e.g., Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 365–66; and *Wilson v. Jenga Corp.* (1986), Ind.App., 490 N.E.2d 375, 377.

---

1. The City has foregone any challenge to the award of prejudgment interest on the ground that it is not recoverable in such *quantum meruit* claims. We therefore deem that issue waived and the parties bound by the law of the case.

To permit plaintiff now to recover interest for the period intermediate [to] the rendition of the first judgment and reversal of such judgment on appeal would allow him to profit by an error on his part which brought about the delay, and that would be inequitable and unjust.

*Id.* at 505. We reject the *Blankenship* holding for two reasons.

First, *Blankenship* might be distinguished on the nature of the error involved. The original reversal in *Blankenship* was based upon the inadmissibility of evidence while the original reversal in this case was based upon an erroneous, but alternative, theory of recovery. (1982), Ind.App., 435 N.E.2d 575. Our rules permit alternative theories of recovery to be pled. Indiana Rules of Procedure, Trial Rule 8(A)(2). While Cosby's original complaint did not contain the theory of quantum meruit, it was predominantly argued at the summary judgment hearing. *Id.* at 578. Thus, there is less reason to penalize a party because he argued alternative theories of recovery, which our rules permit, then where he affirmatively introduces error into the record.

Secondly, and more importantly, we reject the rationale of *Blankenship.* In Indiana, the theoretical foundation for an award of prejudgment interest is to fully compensate an injured party who has been deprived of the use of money or its equivalent. *Indiana Ins. Co. v. Sentry Ins. Co.* (1982), Ind.App., 437 N.E.2d 1381. As the deprivation begins when the money is due and payable but is withheld, a plaintiff does not profit by delays caused by errors. On the contrary, the defendant continues to have the use of funds to which he was not entitled and it thereby profits from any errors. Hence, it would be inequitable and unjust to the plaintiff to suspend the accrual of prejudgment interest during the pendency of an appeal.[2] It follows that the trial court did not err in computing prejudgment interest from the date Bernard filed its claim with the City until it entered the final judgment.

AFFIRMED.

SHIELDS, P.J., and HOFFMAN, J., concur.

---

2. This court's holding is limited to the accrual of prejudgment interest during the pendency of an appeal. The accrual of post judgment interest may be an entirely different matter. *See* 11 A.L.R.4th 1099 (1982). It is interesting to note that all of the cases the *Blankenship* court relied upon involved post judgment rather than prejudgment interest. *See Harden v. Harden,* (1942), 191 Okl. 698, 130 P.2d 311; *Vilbig Const. Co. v. Whitham* (1948), 201 Okl. 86, 201 P.2d 922; *M.E. Trapp Associated v. Tankersley* (1951), 206 Okl. 118, 240 P.2d 1091.