The **BOARD OF PUBLIC WORKS CITY OF HAMMOND**, Indiana, and each of its members, David Weigle, Stanley Dostatni, and Richard Mikola; Thomas McDermott, as Mayor of the City of Hammond; Gerald Bobos, as Clerk of the City of Hammond; The Common Council of the City of Hammond, Indiana, and each of its members, Edward Repay, Robert Markovich, Gerald Mazur, Janet Moran, Pete Torres, John Parrish, Bernard Strbjak, Robert Golec, and Charles Pettersen, Appellants (Defendants Below),

v.

**STATE of Indiana, ex rel., L. COSBY BERNARD AND COMPANY,** Appellee (Plaintiff Below).

No. 37A03–9005–CV–214.

Court of Appeals of Indiana, Third District.

Jan. 22, 1991.

Richard P. Komyatte, Alfred R. Uzis, Komyatte & Freeland, P.C., Highland, for appellants.

Stephen M. Maish, Patrick A. Mysliwy, Maish & Mysliwy, Hammond, for appellee.

HOFFMAN, Presiding Judge.

The Board of Public Works, City of Hammond, appeals the trial court's denial of its motion to dismiss and grant of Bernard and Company's motion for summary judgment.

The facts of this case were summarized in *Bd. of Public Works v. L. Cosby Bernard & Co.* (1988), Ind.App., 528 N.E.2d 93, 94:

"In 1972, L. Cosby Bernard and Company contracted with the City to provide architectural services on a city project. The contract provided that the company was to receive a percentage of the total construction cost with payment being due after the sale of bonds or approved appropriation. The common council appropriated funds for the project but a subsequent expansion caused the funds to be exhausted prior to July 15, 1977, when the company submitted a claim for $84,796.18. This claim was based upon the increase in construction cost caused by the project's expansion. When the City refused to pay this claim, the company filed a complaint alleging breach of contract. The trial court granted summary judgment in favor of the company

on its breach of contract theory but this court reversed that decision on May 27, 1982 because the 'contract did not bind the City to an obligation incurred by city officials in excess of the appropriation.' *Board of Pub. Works v. L. Cosby Bernard & Co.* (1982), Ind.App., 435 N.E.2d 575, 577. The case, however, was remanded to the trial court for a determination of whether the City was liable under quantum meruit, an alternative theory of recovery which had been argued at the hearing on the motion for summary judgment but which had not been the reason for granting the motion. *Id.* at 578.

Following a trial upon the quantum meruit theory, the trial court awarded the company $110,139.94 and $85,625.51 in prejudgment interest. The interest award was based upon the statutory rate of eight percent which the trial court applied from July 15, 1977, the date the company filed its claim with the City, to April 3, 1987, the date judgment on the quantum meruit theory was entered."
*Id.*

The only issue raised in the second appeal was whether the company was entitled to the prejudgment interest ordered by the trial court. This Court affirmed the trial court. *Id.* at 95.

Thereafter, Bernard and Company made demands upon the City to pay the judgment. The City refused. A verified complaint for mandamus was filed on April 10, 1989 requesting the trial court to enter an order of mandate requiring the City to pay the amount due. The City filed a motion to dismiss alleging lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted on May 15, 1989. Bernard and Company filed a motion for summary judgment on June 5, 1989. The trial court granted the summary judgment motion and denied the City's motion to dismiss.

Two issues are dispositive of this appeal:

(1) whether the trial court could enforce a judgment against the City which was based on the theory of quantum meruit; and

(2) whether damages should be assessed against the City for pursuing this appeal.

■ The City alleges that Bernard and Company is unable to collect its judgment since Indiana statutes do not allow recovery for judgments based on quantum meruit. The City points to IND.CODE § 34-4-16.4-2 (1988 Ed.) for authority. The relevant portion of this statute provides:

"(a) Execution may not be had upon a judgment or award of a court or board against real or personal property owned by a city or town, or on the interest of a city or town in such property. A mandate or injunction may not be issued by a court against a city or town or its officers concerning a judgment or award *unless the judgment or award arises from or out of an action in tort or on an express contract.*" [Emphasis added.]
*Id.*

Since Bernard and Company's judgment does not arise from or out of an action in tort or on an express contract, the City argues it should not have to pay the judgment rendered by the trial court.

When Bernard and Company could not recover the amount rightfully due it by the City, Bernard and Company sought aid through the judicial system. The courts of this state provided Bernard and Company a remedy, based on quantum meruit, for the work it had provided for the City but for which it was not paid. However, the City still refused to pay the amount due.

In ordering the City to pay the judgment, the trial court looked to the Indiana Constitution:

"All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."
Ind. Const. Art. I, § 12 (as amended November 6, 1984). The trial court held that Bernard and Company should be provided a

method to enforce its judgment that it properly obtained.

It would be ludicrous to hold that a party can be provided a remedy through the judicial system but then not be able to enforce it. Just as Bernard and Company was awarded a judgment for the injury done to it by the City, Bernard and Company should be able to enforce that judgment. Thus, the trial court correctly ordered the City to pay the judgment.

 Bernard and Company asks this Court to assess damages against the City for pursuing this appeal pursuant to Ind. Appellate Rule 15(G). While the City's conduct has not been admirable to date, this was a novel issue and therefore, damages will not be assessed.

Affirmed.

GARRARD and CHEZEM, JJ., concur.